ELIZABETH WALLACE DARCY v. STEVE OSBORNE AND ELLA MAE RUTHERFORD

No. 9022DC547

(Filed 5 February 1991)

**Appeal and Error § 83 (NCI4th); Rules of Civil Procedure § 58 (NCI3d) — no entry of judgment — no jurisdiction on appeal — judgment not enforceable**

Defendant's notice of appeal in an action to impose a constructive trust on real property was timely for the purposes of N. C. Rules of Appellate Procedure, Rule 3 where the notice was filed after rendition of judgment and the judgment was never entered, so that the 30-day period provided by the Rules of Appellate Procedure was not triggered. However, the appeal must be dismissed for lack of jurisdiction and the judg-

ment was unenforceable because entry of judgment did not occur under N.C.G.S. § 1A-1, Rule 58 in that the clerk did not prepare, sign, and file the judgment; the record did not indicate that the clerk made a notation of judgment in the clerk's minutes; and there is no evidence in the record on appeal that notice of filing was mailed to the parties, nor does the judgment exhibit a time of mailing constituting prima facie evidence of mailing notice.

**Am Jur 2d, Appeal and Error §§ 301, 303.**

APPEAL by defendant Rutherford from order filed 6 March 1990 in IREDELL County District Court by *Judge Robert W. Johnson.* Heard in the Court of Appeals 6 December 1990.

*Mattox, Mallory & Simon, by J. Pressly Mattox, for plaintiff-appellee.*

*T. Michael Lassiter for defendant-appellant Rutherford.*

GREENE, Judge.

Plaintiff, Elizabeth Wallace Darcy, filed a complaint against defendants, Steve Osborne and Ella Mae Rutherford, on 6 March 1989, requesting the court to impose a constructive trust on certain real property. The case was heard without a jury on 6 November 1989. The case against Steve Osborne was dismissed. An order filed 6 March 1990 indicates the court imposed a constructive trust on real property against defendant Rutherford, ordering her to pay plaintiff $7,000.00. Ella Mae Rutherford (defendant) appeals.

On appeal, plaintiff filed a motion to dismiss defendant's appeal upon the grounds that it was not timely under N.C.R. App. P. 3 (1990). Plaintiff contends the court rendered its decision in open court on 6 November 1989 and that defendant gave oral notice of appeal at that time. Plaintiff correctly notes that oral notice of appeal is no longer effective under Rule 3. *See* N.C.R. App. P. 3 (1990). Plaintiff further contends that if the time for appeal is to be measured from the time the written judgment was filed, that being 6 March 1990, defendant's appeal is still beyond the thirty days permitted under Rule 3 because defendant's written notice of appeal was not filed until 10 April 1990.

In response to plaintiff's motion, defendant agrees that the written judgment was filed 6 March 1990, but she contends neither

she nor her attorney were served with any notice or advised in any way that the judgment had been filed until 3 April 1990, despite repeated inquiries to the presiding judge and to plaintiff's counsel. Defendant's response suggests defendant was informally advised by counsel for the plaintiff on 3 April that the judgment had been filed on 6 March. Defendant points out that notice of appeal was filed on 10 April 1990, only seven days after defendant was advised that the written judgment had been filed.

---

The dispositive issue is whether entry of judgment has occurred in this case such that this Court has jurisdiction to address the merits.

Under Rule 3, a party entitled by law to appeal from a judgment *rendered* in a civil action may take appeal by filing written notice of appeal. N.C.R. App. P. 3(a) (1990). Rendition of judgment occurs when the court announces its decision in open court. *Kirby Building Systems v. McNiel*, 327 N.C. 234, 393 S.E.2d 827 (1990). However, appeal must be taken within the time provided by Rule 3(c), which provides that an "[a]ppeal from a judgment or order in a civil action . . . must be taken within 30 days after its *entry*." N.C.R. App. P. 3(c) (emphasis added). Thus, under Rule 3, notice of appeal is timely if filed after judgment is rendered in court, and before the expiration of the 30-day period after judgment is entered. The date of rendition and the date of entry are therefore critical to a determination of whether an appeal is timely.

Apart from the question of whether an appeal is timely is the question of whether this Court has jurisdiction over the case. Entry of judgment is the event which is necessary for this Court to obtain jurisdiction. *Searles v. Searles*, 100 N.C. App. 723, 398 S.E.2d 55 (1990).

Entry of judgment is governed by our Rules of Civil Procedure which provide:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these

DARCY v. OSBORNE

[101 N.C. App. 546 (1991)]

rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

N.C.R. Civ. P. 58 (1990).

The record indicates the clerk did not "prepare, sign, and file the judgment," but that it was prepared by plaintiff's attorney and signed by the trial judge. Furthermore, the record does not indicate the clerk made a notation of judgment in the clerk's minutes. Therefore, entry did not occur under paragraph one or paragraph two of Rule 58.

Paragraph three of Rule 58 specifies three separate events which must occur before entry of judgment is complete. First, the clerk must receive an order from the trial judge for the entry of judgment. Second, the judgment must be filed. Third, the clerk must mail notice of filing to all parties. *See Searles* at 726, 398 S.E.2d at 56. While a judgment was prepared and filed in this case, there is no evidence in the record on appeal that notice of filing was mailed to the parties, nor does the judgment exhibit a time of mailing constituting prima facie evidence of mailing notice. N.C.R. Civ. P. 58. Accordingly, entry of judgment did not occur under paragraph three of Rule 58.

It follows that defendant's written notice of appeal is "timely" for purposes of N.C.R. App. P. 3. First, it was filed after rendition of judgment. Second, judgment has never been entered so the 30-day period provided by N.C.R. App. P. 3(c) has not been triggered, much less has it expired. However, in the absence of any evidence in the record that judgment was entered in accordance

IN RE ISENHOUR

[101 N.C. App. 550 (1991)]

with the provisions of N.C.R. Civ. P. 58, this appeal must be dismissed for lack of jurisdiction. *Searles*.

Furthermore, the judgment rendered by the court in this matter is presently unenforceable between the parties to this action as it has not been entered. *Id. See Logan v. Harris*, 90 N.C. 7 (1884). *See also* N.C.G.S. § 1-306 (1983) (execution on judgment proper only after entry).

Appeal dismissed.

Judges PHILLIPS and ORR concur.