SANA KINDLEY WATSON, Plaintiff v. KENNETH PRICE, M.D., and REGIONAL NEUROSURGERY PLLC, Defendants

No. COA10-1112

(Filed 19 April 2011)

**Medical Malpractice— Rule 9(j)—order extending statute of limitations—not effective—not filed**

An order under N.C.G.S. § 1A-1, Rule 9(j) extending the statute of limitations must be filed to be effective and the trial court in this case correctly dismissed the complaint because a Rule 9(j) order that was signed but never filed did not extend the statute of limitations.

Judge HUNTER, Robert C., concurring.

Appeal by Plaintiff from order dated 9 June 2010 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 22 February 2011.

*Bryant, Patterson, Covington, Lewis & Lindsley, P.A., by David O. Lewis, for Plaintiff.*

*Young Moore and Henderson P.A., by William P. Daniell and Kelly E. Street, for Defendant.*

STEPHENS, Judge.

On 29 September 2009, Plaintiff Sana Kindley Watson ("Watson") filed a complaint in Durham County Superior Court against Defendants Kenneth Price, M.D. ("Dr. Price") and Regional Neurosurgery PLLC ("Regional") (collectively, "Defendants"), asserting a medical malpractice claim against Dr. Price and seeking to hold Regional liable for Dr. Price's alleged malpractice under the theory of *respondeat superior.* In her complaint, Watson alleged that Dr. Price treated Watson between 9 June 2005 and 9 June 2006.

On 18 May 2009, prior to filing her complaint, Watson submitted to the trial court a motion to extend the statute of limitations on her medical malpractice claim pursuant to North Carolina Civil Procedure Rule 9(j). On that same date, Resident Superior Court Judge Orlando F. Hudson, Jr. signed an order granting Watson's motion and extending the statute of limitations to 2 October 2009; from the record, it appears that Judge Hudson's Rule 9(j) order was never filed.

In December 2009, Defendants filed their answer, which was later amended to include (1) a "Fourth Defense" pleading "the applicable statutes of limitation" "in complete bar to any recovery against them by [Watson]" and (2) a "Fifth Defense and Motion to Dismiss" alleging that Watson "fails to state a claim upon which relief can be granted" and seeking dismissal of Watson's claim pursuant to North Carolina Civil Procedure Rule 12(b)(6).

On 1 June 2010, Judge Hudson conducted a hearing on Defendants' motion to dismiss. In an order dated 9 June 2010, Judge Hudson found that "the claims set forth in [Watson's] action are time-barred"[1] and dismissed Watson's action with prejudice. Watson gave notice of appeal from the order dismissing her claims on 30 June 2010.

On appeal, Watson argues that Judge Hudson erred by dismissing Watson's action on the ground that the claims were time-barred. Watson contends that Judge Hudson's signature on the Rule 9(j) order was effective to extend the statute of limitations, despite the fact that the order was never filed, and, therefore, the filing of the complaint on 29 September 2009 was within the extended statute of limitations, which expired 2 October 2009. Defendants, on the other hand, argue that "the [Rule 9(j) order] was not filed, and therefore it did not serve to extend the statute of limitations." Accordingly, Defendants argue, the statute of limitations expired on 9 June 2009, nearly three months before Watson filed her complaint.

In support of their arguments, the parties look to North Carolina Civil Procedure Rule 58, which governs "Entry of judgment" and which states as follows: "[A] *judgment* is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2009) (emphasis added). This Court has previously held that Rule 58 applies to orders, as well as judgments, such that an *order* is likewise entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. *Abels v. Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737-38 (holding that an order is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court), *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997). However, as Rule 58 simply sets out the requirements for entry of an order and contains no requirement that

---

1. Although generally a three-year statute of limitations is applicable to medical malpractice actions such as this one, Rule 9(j) allows a plaintiff to move a trial court for a 120-day extension of the statute of limitations to allow the plaintiff additional time to comply with the enhanced pleading requirements imposed on a medical malpractice complainant by Rule 9(j). *See* N.C. Gen. Stat. §§ 1-52(5), 1A-1, Rule 9 (2009).

an order must be entered to be effective, the rule is relevant to this case only insofar as it makes clear that Judge Hudson's Rule 9(j) order was not *entered*, but was merely *rendered. Searles v. Searles*, 100 N.C. App. 723, 726, 398 S.E.2d 55, 56 (1990) ("An announcement of judgment in open court constitutes the rendition of judgment, not its entry.").[2] As for the practical difference between rendering and entering in the context of judgments, our Supreme Court long ago stated that

> [t]he *rendition* of a judgment is the *judicial act* of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict, the *entry* of it being a *ministerial act* which consists in spreading it upon the record.

*Seip v. Wright*, 173 N.C. 14, 17, 91 S.E. 359, 361 (1917) (citation omitted) (emphasis added). It has since been held that a *judgment* that has merely been rendered, but which has not been entered, is not enforceable until entry. *Searles*, 100 N.C. App. at 726-27, 398 S.E.2d at 57 (noting that "the judgment is not enforceable as between the parties to this action as it has not been entered"). The question then is whether that rule applicable to judgments is also applicable to the order in this case, *i.e.*, whether the mere judicial act of issuance or rendition of the Rule 9(j) order effectively extended the statute of limitations, or whether the ministerial act of filing or entry was necessary to give the order force.[3]

Addressing this question by turning to the rule granting the trial court the power to extend the statute of limitations in medical malpractice cases, it appears that filing is unnecessary and that mere issuance is sufficient. As provided by Rule 9(j),

> [u]pon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge of the superior court . . . *may allow a motion to extend the statute of limitations* for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule,

2. While "rendering" may be a term of art reserved for judgments and not orders, we use that word in the context of orders as it is the recognized counterpart to "entering" and appears to be otherwise synonymous with "issuing" or "pronouncing."

3. We note that North Carolina Rule of Civil Procedure 5(d) provides that "[a]ll orders issued by the court" "shall be filed with the court[.]" N.C. Gen. Stat. § 1A-1, Rule 5(d) (2009). However, while Rule 5(d) requires a Rule 9(j) order to be filed with the court, that rule does not specify a time in which the order must be filed, nor does it provide a sanction for any party's failure to file such an order.

upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (emphasis added). Per the clear language of the rule, the trial court need only "allow a motion" in order to extend the statute of limitations. This wording seems to indicate that it is the judicial act of "allowing" the motion, rather than the ministerial act of "entering" the order, that extends the statute of limitations. *Compare* N.C. Gen. Stat. §§ 1-75.12(a) ("If, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State, the judge on motion of any party *may enter an order* to stay further proceedings in the action in this State." (emphasis added)), 5A-23(e) (2009) ("If civil contempt is found, the judicial official *must enter an order* finding the facts constituting contempt and specifying the action which the contemnor must take to purge himself or herself of the contempt." (emphasis added)). Indeed, it is an oft-cited maxim of statutory construction that *expressio unius est exclusio alterius*: the expression of one thing is the exclusion of another. *See Mangum v. Raleigh Bd. of Adjust.*, 196 N.C. App. 249, 255, 674 S.E.2d 742, 747 (2009). Accordingly, based on the clear language of Rule 9(j), it appears that a Rule 9(j) order extending the statute of limitations is effective as soon as a trial judge allows a motion to extend and regardless of whether the order is filed.

However, despite the language used in Rule 9(j), there is some authority to suggest that an order extending the statute of limitations pursuant to Rule 9(j) is ineffective until that order is filed. In *Webb v. Nash Hospitals, Inc.*, 133 N.C. App. 636, 516 S.E.2d 191, *disc. review denied*, 351 N.C. 122, 541 S.E.2d 471 (1999), the plaintiff-appellants filed a motion pursuant to Rule 9(j) on 19 September 1997, which motion was granted in an order dated 12 September 1997—seven days before plaintiff-appellants' motion was filed. *Id.* at 638, 516 S.E.2d at 193. The order was then filed on 1 October 1997. *Id.*[4] In response to defendant-appellees' argument that the trial court lacked jurisdiction to grant plaintiff-appellants' motion "because there was no motion pending for the extension of time when the order was signed[,]" this Court held that because the order was not "filed and 'entered' " until after the motion was "filed and entered," the court

---

4. The trial court subsequently granted defendant-appellees' motion to dismiss the complaint based on plaintiff-appellants' failure to properly serve the motion on defendant-appellees. *Webb*, 133 N.C. App. at 638, 516 S.E.2d at 193.

had jurisdiction to grant the motion. *Id.* at 638-39, 516 S.E.2d at 193. In so holding, the Court cited *Worsham v. Richbourg's Sales and Rentals*, 124 N.C. App. 782, 784, 478 S.E.2d 649, 650 (1996) (which itself cites *Searles*), for the proposition that "the mere signature on a judgment that has not been entered is an incomplete judgment." *Id.* The obvious implication from the holding in *Webb* is that the trial court's order did not effectively grant the Rule 9(j) motion until the order was filed. Accordingly, in this case, pursuant to our holding in *Webb*, we must conclude that Judge Hudson's Rule 9(j) order did not extend the statute of limitations because the order was never filed.

As further authority to support the conclusion that a Rule 9(j) order must be filed to be effective, we note the following discussion of Rule 58 and its application to orders by the trial court:

> A judgment is not enforceable between the parties until it is entered. A judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. An announcement of judgment in open court constitutes the rendition of judgment, not its entry. Although Rule 58 specifically refers only to judgments, this Court has held that it applies to orders as well. It follows that an order rendered in open court is not enforceable until it is entered, *i.e.*, until it is reduced to writing, signed by the judge, and filed with the clerk of court.

*West v. Marko*, 130 N.C. App. 751, 755-56, 504 S.E.2d 571, 573-74 (1998) (internal citations and quotation marks omitted). While the conclusion that an order is not enforceable until entry does not necessarily follow from the premise that the Rule 58 entry requirements apply to both orders and judgments, to the extent this Court in *West* expressly held that orders of the trial court are not enforceable until entry, we find ourselves bound by the conclusion—if not necessarily the logic—of this Court's prior decision. *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

Although this decision leaves unanswered questions regarding the effectiveness of a Rule 9(j) order filed after the complaint is filed, whether before or after the expiration of the original statute of limitations, suffice it to say that, in this case, the trial court correctly dismissed Watson's complaint because there was no effective Rule 9(j) extension order filed in the case. The ruling of the trial court is

AFFIRMED.

Judge ERVIN concurs.

Judge HUNTER, Robert C., concurs in a separate opinion.

HUNTER, Robert C., Judge, concurring.

I concur with the majority that *Webb v. Nash Hosp., Inc.*, 133 N.C. App. 636, 639, 516 S.E.2d 191, 193, *disc. review denied*, 351 N.C. 122, 541 S.E.2d 471 (1999), where this Court held that "the mere signature on a judgment that has not been entered is an incomplete judgment[,]" is controlling in the present case. I write separately to point out that the legislature never intended to create a filing requirement for an order granting a plaintiff's motion to extend the time within which plaintiff must file his or her complaint pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure.

As acknowledged by the majority, the plain language of Rule 9(j) sets forth that a plaintiff must make a motion to extend the statute of limitations prior to the expiration of the applicable statute of limitations and that a superior court judge may allow the motion "for a period not to exceed 120 days . . . ." N.C. Gen. Stat. § 1A-1, Rule 9(j) (2009). Therefore, the motion is effective when the order is *allowed*. Rule 9(j) does not mandate that the order be filed with the clerk of court. "When the language of a statute is clear and without ambiguity, 'there is no room for judicial construction,' and the statute must be given effect in accordance with its plain and definite meaning." *Avco Financial Services v. Isbell*, 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980)).

Furthermore, while I agree with the ultimate outcome of the *Webb* case, I disagree with the Court's application of Rule 58 in that the Court broadened the scope of Rule 58 to apply to an *ex parte* order entered *before an action is commenced*. "[T]he purposes of the requirements of Rule 58 are to make the time of entry of judgment easily identifiable, and to give fair notice to all parties that judgment has been entered." *Durling v. King*, 146 N.C. App. 483, 494, 554 S.E.2d 1, 7 (2001). It is my interpretation that Rule 58 only applies to judgments and orders entered subsequent to the filing of a complaint where the defendant is, in many cases, required to take action within a set period of time. Notice is not an issue in this circumstance where an extension of time is granted to file a complaint, but an action has not been instituted.

**WATSON v. PRICE**

[211 N.C. App. 369 (2011)]

When a plaintiff requests an extension of the statute of limitations, the relevant dates are: (1) the date when the motion was filed, which must be prior to the expiration of the applicable statute of limitations, and (2) the date set by the trial court as the new deadline for filing the complaint. These dates are set out in the trial court's order and only pertain to plaintiff's deadline for filing a complaint; the granting of the order has no effect on potential defendants. Moreover, our Court has clearly held that the order granting a Rule 9(j) extension of time to file the complaint does not have to be served on the potential defendants since a complaint has not been filed. *Timour v. Pitt County Memorial Hosp., Inc.*, 131 N.C. App. 548, 550, 508 S.E.2d 329, 330 (1998), *aff'd per curiam*, 351 N.C. 47, 519 S.E.2d 316 (1999). The implication is that potential defendants are not prejudiced by the lack of notice that an extension has been granted. In fact, all medical professionals subject to a medical malpractice lawsuit are on notice by the plain language of Rule 9(j) that a medical malpractice action must be filed within three years, *or* up to 120 days beyond the three-year deadline should the trial court grant an *ex parte* motion for an extension. There is no practical rationale for service of the order or entry of the order with the clerk of court.

The Court in *Webb* was faced with resolving a narrow issue regarding the authority of the trial court to enter the order for an extension of the statute of limitations when it held that Rule 58 applied and that an order granting an extension under Rule 9(j) must be "entered" to be effective. Clearly, the Court did not contemplate the type of situation currently before us when it made this broad declaration. In sum, the plain language of Rule 9(j) should control in this case, not Rule 58 as applied in *Webb*. In other words, a Rule 9(j) order should be considered effective when *allowed* by the trial court.[5]

---

5. I recognize that the better practice would be to serve and file the *ex parte* order; however, I do not believe that such actions are required.