NO. COA13-564

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

IN THE MATTER OF:
MARY ELLEN BRANNON THOMPSON

Forsyth County
No. 07 SP 691

Appeal by Calvin Brannon from order entered 20 November 2012 by Judge Anderson D. Cromer in Forsyth County Superior Court. Heard in the Court of Appeals 20 November 2013.

*Attorney Reginald D. Alston for Calvin Brannon, appellant.*

*CRUMPLER, FREEDMAN, PARKER & WITT, by Dudley A. Witt, for Bryan C. Thompson, appellee.*

ELMORE, Judge.

On 20 November 2012, Judge Anderson D. Cromer (Judge Cromer) entered an order that denied all four of Calvin Brannon's (appellant) motions, dismissed them with prejudice, and issued sanctions against appellant. Each of appellant's motions hinged on the argument that an incompetency order dated 3 May 2007 declaring Mary Ellen Brannon Thompson (respondent) incompetent was never entered. After careful consideration, we reverse and remand the trial court's order.

## I. Facts

On 4 April 2007, a Petition for Adjudication of Incompetence and Application for Appointment of Guardian or Limited Guardian was filed by Leslie Poe Parker in Forsyth County Superior Court. The petition alleged that respondent lacked the capacity to manage her own affairs or to make important decisions concerning her "person, family [sic] or property[.]" The same day, a notice of "Hearing on Incompetence and Order Appointing Guardian Ad Litem" was filed. A hearing was conducted on 26 April 2007 by Theresa Hinshaw, assistant clerk of Forsyth County Superior Court (clerk Hinshaw). Numerous individuals were present at the hearing, including appellant, who is the brother of respondent. After the hearing, clerk Hinshaw announced in open court that she found respondent to be incompetent, and she orally appointed Bryan Thompson (Mr. Thompson) as guardian of the estate. On 3 May 2007, clerk Hinshaw signed and dated an order (incompetency order) finding "by clear, cogent, and convincing evidence that the respondent [was] incompetent." Additionally, clerk Hinshaw signed and dated an order authorizing issuance of letters appointing Mr. Thompson guardian of the estate.

Thereafter, appellant filed a "Petition for Removal of Guardianship of the Person" and a "Motion to Set Aside the Adjudication of Incompetence Order and Ask For a Rehearing[.]"

Lawrence G. Gordon, Jr., Forsyth County Superior Court Clerk (clerk Gordon), signed and dated an order on 8 December 2009 denying the motions and concluded that the matters were time barred because appellant failed to timely appeal clerk Hinshaw's incompetency order. Appellant then appealed clerk Gordon's order to superior court. In an order entered 6 April 2010, Forsyth County Superior Court Judge James M. Webb (Judge Webb) dismissed both motions with prejudice.

On 27 March 2012, appellant filed four motions giving rise to this appeal. These motions were:

> (a) for relief in the cause from a guardianship granted to Mr. Thompson dated May 1, 2007;
>
> (b) to declare that Leslie Parker did not have the capacity to represent respondent in the filings of motions and petitions on April 4, 2007;
>
> (c) to declare that Mr. Thompson was not appointed the guardian of respondent after an adjudication of incompetence under G.S. 35A 1112(e) and G.S. 35A-1120.
>
> (d) to declare Mr. Thompson's act of filing a voluntary bankruptcy petition under 11 U.S.C. 301 as a state court guardian of the estate of respondent invalid.

These motions were heard before Susan Frye (clerk Frye), Forsyth Superior Court Clerk, and she entered an order on 4 May 2012 denying appellant's motions. She also granted Mr. Thompson's

motion for sanctions. In her order, clerk Frye denied motions (a), (b), and (c) because clerk Gordon and Judge Webb had previously "clearly ruled" on appellant's motions, "no appeals were ever entered[,]" "no new evidence was presented[,]" and "[t]he pleadings filed . . . [were] repetitious[.]" Clerk Frye declined to rule on motion (d) because she "[did] not have jurisdiction to hear this matter as the jurisdiction is presently under the Federal Bankruptcy Court." Appellant appealed clerk Frye's order to Forsyth County Superior Court. For the same reasons decreed by clerk Frye, Judge Cromer entered an order on 20 November 2012 denying and dismissing with prejudice appellant's motions (a), (b), and (c). Judge Cromer denied appellant's motion (d) with prejudice because it was "baseless." He also granted Mr. Thompson's motion for sanctions.

## II. Analysis

### a.) Law of the Case

Appellant first argues that the incompetency order was invalid because judgment was never entered, and therefore the trial court erred in concluding that the incompetency order was the law of the case. We agree.

"Conclusions of law are reviewed *de novo* and are subject to full review." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011); *see also Carolina Power & Light Co. v. City of*

*Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004) ("Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal."). "In reviewing a trial judge's findings of fact, we are 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.'" *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)); *see also Sisk v. Transylvania Cmty. Hosp., Inc.*, 364 N.C. 172, 179, 695 S.E.2d 429, 434 (2010) ("'[F]indings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if . . . there is evidence to the contrary.'" (quoting *Tillman v. Commercial Credit Loans, Inc.*, 362 N.C. 93, 100-01, 655 S.E.2d 362, 369 (2008))). "Appeal from an order adjudicating incompetence shall be to the superior court for hearing de novo and thence to the Court of Appeals." N.C. Gen. Stat. § 35A-1115 (2013).

N.C. Gen. Stat. § 35A-1112 provides a superior court clerk with the authority to find that an individual is incompetent. N.C. Gen. Stat. § 35A-1112 (2013). After such a finding is made, "the clerk *shall enter* an order adjudicating the respondent

incompetent." *Id*. (emphasis added). When such an order is entered, "a guardian or guardians shall be appointed[.]" N.C. Gen. Stat. § 35A-1120 (2013). A party seeking to appeal an incompetency order entered by a clerk must

> within 10 days of *entry* of the order or judgment, appeal to the appropriate court for a trial or hearing *de novo*. The order or judgment of the clerk remains in effect until it is modified or replaced by an order or judgment of a judge. Notice of appeal shall be filed with the clerk in writing. Notwithstanding the service requirement of G.S. 1A-1, Rule 58, orders of the clerk shall be served on other parties only if otherwise required by law.

N.C. Gen. Stat. § 1-301.1 (2013) (emphasis added).

The North Carolina Rules of Civil Procedure "are applicable to special proceedings, except as otherwise provided." N.C. Gen. Stat. § 1-393 (2013). Rule 58 of the North Carolina Rules of Civil Procedure governs the entry of judgments and orders. N.C.R. Civ. P. § 1A-1, Rule 58 (2013). Under Rule 58, "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." *Id*. We have also held that "Rule 58 applies to orders, as well as judgments, such that an *order* is likewise entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." *Watson v. Price*, 211 N.C. App. 369, 370, 712 S.E.2d 154, 155 *review denied*, 365 N.C. 356, 718

S.E.2d 398 (2011) (citation omitted). Thus, an oral ruling announced in open court is "not enforceable until it is entered[.]" *West v. Marko*, 130 N.C. App. 751, 756, 504 S.E.2d 571, 574 (1998) (internal quotation mark omitted). Accordingly, a party cannot appeal an order until entry occurs. *Mastin v. Griffith*, 133 N.C. App. 345, 346, 515 S.E.2d 494, 495 (1999). After entry, a clerk's order that is not timely appealed "will stand as a judgment of the court[.]" *In re Atkinson-Clark Canal Co.*, 234 N.C. 374, 377, 67 S.E.2d 276, 278 (1951). This legal proposition stems from the law of the case doctrine, which provides that "when a party fails to appeal from a tribunal's decision that is not interlocutory, the decision below becomes the law of the case and cannot be challenged in subsequent proceedings in the same case." *Boje v. D.W.I.T.*, 195 N.C. App. 118, 122, 670 S.E.2d 910, 912 (2009) (internal quotation mark omitted).

Here, both parties agree that the hearing on the Petition for Adjudication of Incompetence was a special proceeding, and thus the Rules of Civil Procedure applied. Clerk Hinshaw orally rendered her decision finding respondent incompetent on 26 April 2007 in open court. Thereafter, she reduced the order to writing and dated it. However, nothing in the record indicates that the order was filed with the clerk of court. The order is devoid of

any stamp-file or other marking necessary to indicate a filing date, and therefore it was not entered. *See Huebner v. Triangle Research Collaborative*, 193 N.C. App. 420, 422, 667 S.E.2d 309, 310 (2008) (asserting that a filing date is to be determined by the date indicated on the file-stamp); *see also Watson*, 211 N.C. App. at 373, 712 S.E.2d at 157 (standing for the proposition that a signed and dated order is insufficient to be considered filed).

Because the order was not filed, it was not entered. Accordingly, the time period to file notice of appeal of clerk Hinshaw's order has not yet commenced. *See Darcy v. Osborne*, 101 N.C. App. 546, 549, 400 S.E.2d 95, 96 (1991) (holding that where judgment was not entered, the appeals period neither triggered nor expired). Furthermore, because clerk Hinshaw's incompetency order is effective only after its entry, the order cannot be the law of the case. *See Worsham v. Richbourg's Sales & Rentals*, *Inc.*, 124 N.C. App. 782, 784, 478 S.E.2d 649, 650 (1996) ("[A] judgment is . . . not enforceable between the parties until it is entered.").

**b.) Guardian of the Estate**

Next, appellant argues that since the incompetency order was never entered, clerk Hinshaw had no jurisdiction to appoint Mr. Thompson as guardian of the estate. We agree.

"The question of subject matter jurisdiction may be raised at any time, even in the Supreme Court." *Lemmerman v. A.T. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 85 (1986). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed *de novo* on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

As mentioned above, N.C. Gen. Stat. § 35A-1112 requires the clerk to enter an order adjudicating incompetency. *See* N.C. Gen. Stat. § 35A-1112. Only once the order is entered shall "a guardian or guardians . . . be appointed[.]" N.C. Gen. Stat. § 35A-1120. Since the order was never entered, the clerk's appointment of Mr. Thompson as guardian of respondent's estate immediately thereafter was without legal authority.[1]

## c.) Res Judicata

Appellant also argues that the trial court erred in concluding that the issues raised in his appeal to the trial court were barred by the doctrine of *res judicata*. Specifically, appellant avers that the other orders relied upon by the trial court in determining *res judicata* were invalid. We agree.

---

[1] We also note that the Order Authorizing Issuance of Letters purporting to appoint Mr. Thompson as guardian of the estate was never filed with the clerk's office as it was merely signed and dated by clerk Hinshaw.

N.C. Gen. Stat. § 7A-251 (2013) states that "[i]n all matters properly cognizable in the superior court division which are heard originally before the clerk of superior court, appeals lie to the judge of superior court having jurisdiction from all orders and judgments of the clerk[.]" A court acting in an appellate capacity is "without authority to entertain an appeal where there has been no entry of judgment" because entry of judgment is jurisdictional. *Searles v. Searles*, 100 N.C. App. 723, 725, 398 S.E.2d 55, 56 (1990) (citation omitted). Under the doctrine of *res judicata*, "a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986).

Here, appellant appealed clerk Frye's decision *de novo* to superior court. Judge Cromer declined to rule on the merits of appellant's motions and concluded that "[a]ll the previous [m]otions were denied by the [c]lerk and/or another [s]uperior [c]ourt [j]udge or the Bankruptcy Court and, other than the Bankruptcy Order, said Orders were never appealed to the North Carolina Court of Appeals. Based upon the previous [o]rders entered in this matter, the issues raised in the appeal are barred

by the doctrine of res judicata[.]"  The "previous orders" referred to superior court Judge Webb's order entered 6 April 2010, which was appealed from clerk Lawrence Gordon's order dated 8 December 2009.  According to Judge Cromer, he "[could not] reverse Judge Webb" on "a case that [Judge Webb] already ruled on."  However, Judge Cromer's conclusion assumed that Judge Webb had jurisdiction to rule on appellant's appeal of clerk Gordon's order to superior court.  It is clear from the record that clerk Gordon's order was never entered as it was merely signed and dated, but devoid of a filing date.  *See Watson*, *supra*.  The entry of clerk Gordon's order was necessary to vest Judge Webb with jurisdiction to hear appellant's appeal in superior court.  *See Searles*, *supra*.  Accordingly, no entry of final judgment on the merits of appellant's prior motions occurred such that the issues before Judge Cromer were barred by *res judicata*.

**d.) Sanctions**

Appellant further argues that the trial court erred in imposing sanctions pursuant to Rule 11 of the North Carolina Rules of Civil Procedure.  We agree.

> The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue.  In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the

> trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). An analysis of sanctions under Rule 11 consists of a three-pronged analysis: "(1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose." *Peters v. Pennington*, 210 N.C. App. 1, 27, 707 S.E.2d 724, 742 (2011) (citation and quotation omitted). A violation of any of these prongs requires the imposition of sanctions. *Id.* (citation omitted). In determining factual sufficiency, we must decide "(1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact." *Id.* (citation and quotation omitted). Whether a motion is legally sufficient requires this Court to look at "the facial plausibility of the pleading and only then, if the pleading is implausible under existing law, to the issue of whether to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the complaint was warranted by the existing law." *Polygenex Int'l, Inc. v. Polyzen, Inc.*, 133 N.C. App. 245, 249, 515 S.E.2d 457, 460 (1999) (citation and quotation omitted). "An

objective standard is used to determine whether a paper has been interposed for an improper purpose, with the burden on the movant to prove such improper purpose." *Coventry Woods Neighborhood Ass'n Inc. v. City of Charlotte*, 213 N.C. App. 236, 241, 713 S.E.2d 162, 166 (2011) (citation and quotation omitted). A signer's purpose is heavily influenced by "whether or not a pleading has a foundation in fact or is well grounded in law[.]" *Id.* at 242, 713 S.E.2d at 166 (citation and quotation omitted).

Here, appellant appealed the order from clerk Frye to Judge Cromer in superior court based on motions:

> (a) for relief in the cause from a guardianship granted to Mr. Thompson dated May 1, 2007;
>
> (b) to declare that Leslie Parker did not have the capacity to represent respondent in the filings of motions and petitions on April 4, 2007;
>
> (c) to declare that Mr. Thompson was not appointed the guardian of respondent after an adjudication of incompetence under G.S. 35A 1112(e) and G.S. 35A-1120.
>
> (d) to declare Mr. Thompson's act of filing a voluntary bankruptcy petition under 11 U.S.C. 301 as a state court guardian of the estate of respondent invalid.

Judge Cromer made findings of fact in support of his conclusion to allow Mr. Thompson's motion to sanction appellant pursuant to Rule 11. The pertinent findings stated:

1.) The matters presently before this Court have already been heard by the Clerk of the Forsyth County Superior Court and denied, thereafter they have been appealed to the Forsyth County Superior Court and the court has previously ruled on these matters. None of these rulings were appealed to the North Carolina Court of Appeals.

2.) [T]hese matters [had] been raised, heard and conclusively established by previous court orders. . . . [Clerk Gordon] [has] found that the underlying decisions related to these issues have not been appealed. Issues raised in the first three motions have been conclusively established in this matter contrary to [appellant] and he is bound by the previous adverse rulings.

3.) [Motion (d)] is false and any reasonable attorney would have known this to be the case if he reviewed the file prior to filing a pleading asserting this claim.

In sum, Judge Cromer sanctioned appellant after finding that his motions were: 1.) time barred from appellate review; 2.) repetitious; 3.) without any factual or legal basis; and 4.) previously ruled on. However, the genesis of appellant's motions was that "the [o]rder dated May 3, 2007 declaring [respondent] incompetent was not file stamped thereby negating its validity." Rooted in our analysis above, it is clear that motions (a), (b), and (c) were never properly ruled on by previous court orders because clerks Hinshaw and Gordon never entered their orders. Moreover, the failed entry of clerk Hinshaw's incompetency order

prevented appellant from filing timely written notice of appeal of that order. Appellant also had a proper purpose, factual basis, and legal basis to file motion (d) requesting that Mr. Thompson's voluntary bankruptcy petition be declared invalid based on the incompetency order's invalidity. Thus, the trial court erred in sanctioning appellant under Rule 11.

## III. Conclusion

The trial court erred in concluding that: 1.) the incompetency order was the law of the case; 2.) the issues raised in appellant's appeal to superior court were barred by the doctrine of *res judicata*; and 3.) sanctions were appropriate pursuant to Rule 11. Accordingly, we reverse the trial court on each of these issues and remand to the superior court for further proceedings.

Reversed and Remanded.

Judges McCULLOUGH and DAVIS concur.