TYSON, Judge.
Defendant-appellant, Fang Yu Zhang ("Ms.Zhang"), appeals from the trial court's order denying her motion to set aside entry of default and default judgment. Defendant-appellant, Yong Guang Lin ("Mr.Lin"), appeals from the trial court's order denying his motion to dismiss Ms. Zhang's appeal. We affirm the orders of the trial court.
I. Background
Defendants, Mr. Lin and Ms. Zhang, were married and reside in New York. Market America, Inc. ("Market America") is a product brokerage company, which sells products through a large network of independent distributors. Market America is licensed to do business in North Carolina and operates its principal place of business in Guilford County.
On 10 October 2000, Mr. Lin entered into a Market America Independent Distributor Application and Agreement to become an independent distributor of Market America products. Eight years later, in October of 2008, Market America received a Name Addition Form via facsimile, and a hard copy was later delivered by mail. The Name Addition Form requested Ms. Zhang's name to be added to Mr. Lin's Market America distributorship agreement and account.
The form purports to contain the notarized signatures of Mr. Lin and Ms. Zhang. The form states that Mr. Lin agrees that Ms. Zhang has full and equal rights to the distributorship, including the receipt of commission checks. After receipt, Market America paid commissions earned by Mr. Lin and Ms. Zhang by checks issued to them jointly. For over four years, neither Mr. Lin nor Ms. Zhang disputed Market America's manner of payment.
The parties divorced in October of 2010. On 19 December 2011, Market America received a handwritten document, which requested Ms. Zhang's social security number be replaced for that of Mr. Lin's in the distributor files. The document is written in Chinese and purports to contain the signatures of both Mr. Lin and Ms. Zhang. Market America removed Mr. Lin's name from the distributorship account effective 4 January 2012. After receipt, Market America paid all retail profit and commission checks solely to Ms. Zhang.
Mr. Lin made no inquiry related to the payment of the profit and commission checks until 30 October 2012. He notified Market America of a marital dispute between Ms. Zhang and himself regarding the ownership of distributorship and proceeds of its operation. He alleged his signature had been forged on the Name Addition Form, and he had recently learned his name and social security number were removed from the distributorship account.
Market America advised Mr. Lin and Ms. Zhang that any income generated by the operation of the distributorship would be held by Market America pending resolution of the dispute. Ms. Zhang claims that Mr. Lin's name was on the Market America account, but she is the only party who has actively participated in the business.
Market America was unable to determine whether Mr. Lin or Ms. Zhang was entitled to the commission funds, and filed a complaint for interpleader on 29 August 2013. Market America deposited $38,820.00 to the Guilford County Clerk of Superior Court contemporaneously with the filing of its complaint, and continued to deposit the subsequent earnings of the distributorship with the Clerk.
Ms. Zhang answered Market America's complaint. On 12 November 2013, Mr. Lin filed an answer and cross-claim against Ms. Zhang, alleging she had forged his signature on the Name Addition Form. Mr. Lin claimed fraud, conversion, identity theft, unjust enrichment, and sought punitive damages. He claimed to be the owner of the distribution account, and requested that the superior court award the interpleaded funds on deposit with the clerk of court to him.
After Mr. Lin filed his cross-claim, Ms. Zhang retained an attorney located in New Jersey. Ms. Zhang claimed she paid the attorney $1,000.00 to file an answer to the cross-claim. She further claimed the attorney "disappeared" and would not answer her repeated telephone calls.
Mr. Lin filed a motion for entry of default on his cross-claim on 19 March 2014. The superior court entered an entry of default concerning Mr. Lin's cross-claim on 26 March 2014. On 29 May 2014, Ms. Zhang filed a pro semotion to vacate the default judgment, although no default judgment had been entered at that time.
Upon Mr. Lin's motion, the superior court entered a default judgment against Ms. Zhang on 2 June 2014. The court found Ms. Zhang had failed to serve a reply to Mr. Lin's cross-claim. The court also found that the attorney retained by Ms. Zhang contacted counsel for Market America on 3 December 2013, shortly after Mr. Lin filed his cross-claim, and stated he represented Ms. Zhang in this action. The court found that Ms. Zhang "failed to give proper attention to this matter," and "has failed to present evidence that she has a meritorious defense to the Cross-claims."
The court declined to set aside the entry of default. The court declared Mr. Lin the sole owner of the Market America Account. The court awarded Mr. Lin all of the funds held by Market America, which totaled $84,120.00, with interest, as well as the right to all future disbursements from the Market America distributorship. The court further found that Mr. Lin is entitled to treble damages and attorney's fees. Judgment was entered in favor of Mr. Lin, against Ms. Zhang, in the amount of $245,700.00.
Ms. Zhang filed a pro semotion to set aside the entry of default and default judgment. The motion was heard before the superior court on 30 June 2014. Ms. Zhang was represented by D.J. O'Brien, Esq., an attorney licensed to practice law in North Carolina. The court found no good cause existed to set aside the entry of default, and no grounds existed to set aside the default judgment pursuant to Rule 60 of the North Carolina Rules of Civil Procedure.
On the same day, the superior court determined the award in the original default judgment was in error. The judgment awarded treble damages and attorney's fees to Mr. Lin, even though he did not plead a violation of N.C. Gen.Stat. § 75-1.1 in his cross-claim. The court entered an amended default judgment, which was filed on 1 July 2014. The amended default judgment awarded the distributorship to Mr. Lin, but reduced the damages against Ms. Zhang to $81,900.00 by eliminating the treble damages and attorney's fees.
Ms. Zhang appeals from the 1 July 2014 order denying her motion to set aside the entry of default and default judgment, and the amended default judgment, also dated 1 July 2014, granting judgment in favor of Mr. Lin on his cross-claim.
Mr. Lin filed a motion to dismiss Ms. Zhang's appeal in the trial court, and alleged Ms. Zhang did not timely serve the proposed record on appeal. The trial court denied the motion. Mr. Lin also appeals.
II. Issues
Ms. Zhang argues the trial court erred by refusing to set aside the entry of default and default judgment where she demonstrated good cause for relief. Mr. Lin argues the trial court erred in denying his motion to dismiss Ms. Zhang's appeal.
III. Mr. Lin's Motion to Dismiss Ms. Zhang's Appeal
Mr. Lin has filed a brief as an appellant and argues the trial court erred in denying his motion to dismiss Ms. Zhang's appeal. We disagree.
A. Standard of Review
We review the trial court's decision whether to grant or deny a motion to dismiss an appeal for an abuse of discretion. Harvey v. Stokes,137 N.C.App. 119, 124, 527 S.E.2d 336, 339 (2000). "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." Briley v. Farabow,348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).
B. Compliance with Appellate Rules
"The trial tribunal may extend once for no more than thirty days the time permitted by Rule 11 or Rule 18 for service of the proposed record on appeal." N.C. R.App. P. 27(c)(1). Ms. Zhang's counsel timely filed a motion seeking a seven-day extension of time to serve the proposed record on appeal on 2 September 2014. The superior court granted the motion and ordered Ms. Zhang had until 9 September 2014 to serve the proposed record on appeal.
On 9 September 2014, counsel for Ms. Zhang filed a second motion in the superior court for an extension of time to serve the proposed record on appeal. Ms. Zhang requested the court to extend the time to serve the proposed record on appeal by twenty-three days, until and including 2 October 2014. The motion states Ms. Zhang's counsel spoke with counsel for Market America and Mr. Lin, and neither attorney opposed the extension. The trial court granted the motion, and ordered Ms. Zhang's counsel had until 2 October 2014 to serve the proposed record on appeal. Ms. Zhang's counsel served the proposed record on appeal on 2 October 2014.
The first order extending the time allowed by seven days for service of the proposed record on appeal is not filed with the clerk. "[A]n order is ... entered when it is reduced to writing, signed by the judge and filed with the clerk of court." Watson v.. Price,211 N.C.App. 369, 370, 712 S.E.2d 154, 155 (2011) (citation omitted). The record shows the first order of extension was not entered. Id.
The second order extending the time for service of the proposed record was signed and filed. The record shows the superior court entered one extension of time for service of the proposed record on appeal in accordance with Rule 27(c) of our Rules of Appellate Procedure. The court did not abuse its discretion by entering an order on Ms. Zhang's motion for an extension of time to serve the proposed record on appeal, or by denying Mr. Lin's motion to dismiss Ms. Zhang's appeal.
IV. Absence of Motion to Set Aside Amended Default Judgment
In his appellee brief, Mr. Lin argues Ms. Zhang's failure to file a motion to set aside the amended default judgment precludes this Court from considering her appeal. We disagree.
"Failure to attack the judgment at the trial court level precludes such an attack on appeal." Univ. of N. Carolina v. Shoemate,113 N.C.App. 205, 216, 437 S.E.2d 892, 898, disc. review denied,336 N.C. 615, 437 S.E.2d 413 (1994). This Court has determined that a party seeking relief from a default judgment must first move the trial court for relief before appealing to this Court. Golmon v. Latham,183 N.C.App. 150, 151-52, 643 S.E.2d 625, 626 (2007).
Here, the trial court entered default judgment on 2 June 2014. Ms. Zhang filed a motion to set aside the entry of default and default judgment on 14 June 2014. The trial court entered an order denying the motion on 30 June 2014. On that same day, the court entered an amended default judgment.
The only difference between the original default judgment and the amended default judgment pertains to the award of treble damages and attorney's fees. The amendments in the monetary default judgment were not adverse to Ms. Zhang, and do not constitute a basis for her claims for relief on appeal. The trial court's reduction of the amount of damages is inconsequential to Ms. Zhang's appeal. Ms. Zhang properly filed a motion to set aside the original default judgment and sufficiently "attack[ed] the judgment at the trial court level" to permit our review of the issues she has raised. Shoemate,113 N.C.App. at 216, 437 S.E.2d at 898. Mr. Lin's argument is overruled.
V. Ruling on Motion to Set Aside Entry of Default and Default Judgment
Ms. Zhang argues the trial court erred in denying her motion to set aside the entry of default and default judgment, where her failure to answer Mr. Lin's cross-claim was occasioned by her attorney's neglect. We disagree.
A. Standard of Review
Ms. Zhang filed a motion to set aside the entry of default and default judgment. "For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." N.C. Gen.Stat. § 1A-1, Rule 55(d) (2013).
Rule 60(b) sets forth a more stringent standard than the "for good cause shown" standard set forth in Rule 55. Brown v. Lifford,136 N.C.App. 379, 382, 524 S.E.2d 587, 589 (2000) (citation omitted). The Rule 60 standard allows the court to relieve a party from a final judgment based upon "mistake, inadvertence, surprise, or excusable neglect." N.C. Gen.Stat. § 1A-1, Rule 60(b)(1) (2013) (emphasis supplied).
Our Supreme Court has held:
Although a motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and will not be disturbed unless the trial court has abused its discretion, Sink v. Easter,288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975), whether excusable neglect has been shown is a question of law-not of fact. Land Co. v. Wooten,177 N.C. 248, 98 S.E. 706 (1919) ; Equipment, Inc. v. Lipscomb,15 N.C.App. 120, 189 S.E.2d 498 (1972). Based on the facts found by the trial court, an appellate court must determine, as a matter of law, whether defendant's actions constitute excusable neglect.
Thomas M. McInnis & Assocs., Inc. v. Hall,318 N.C. 421, 425, 349 S.E.2d 552, 554.
B. "Excusable Neglect" Under Rule 60(b)(1)
Our Supreme Court has squarely addressed whether an attorney's negligence in handling a case may be imputed to the client and impact the client's ability to be granted relief on a Rule 60 motion. In Briley v. Farabow,the Court held:
Clearly, an attorney's negligence in handling a case constitutes inexcusable neglect and should not be grounds for relief under the "excusable neglect" provision of Rule 60(b)(1). In enacting Rule 60(b)(1), the General Assembly did not intend to sanction an attorney's negligence by making it beneficial for the client and to thus provide an avenue for potential abuse. Allowing an attorney's negligence to be a basis for providing relief from orders would encourage such negligence and present a temptation for litigants to use the negligence as an excuse to avoid court-imposed rules and deadlines.... Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good-the neglect would protect the client, and because the client could not suffer the lawyer would not suffer either.
348 N.C. at 546-47, 501 S.E.2d at 655 (citations and quotation marks omitted). The Court concluded that "an attorney's negligent conduct is not 'excusable neglect' under Rule 60(b)(1) and that in determining such, the court must look at the behavior of the attorney." Id.at 547, 501 S.E.2d at 655.
Here, the trial court found: (1) Mr. Lin's cross-claims were properly served upon Ms. Zhang; (2) Ms. Zhang's out-of-state attorney contacted counsel for Market America and stated he would be representing Ms. Zhang in the action; (3) Mr. Lin's attorney provided copies of the pleadings to Ms. Zhang's attorney; (4) Ms. Zhang and her attorney were served with a copy of Mr. Lin's motion for entry of default and motion for default judgment; and, (5) Ms. Zhang or her attorney failed to file a response to Mr. Lin's cross-claims.
Ms. Zhang cites the cases of Spainhour & Sons Grading Co. v. Carolina E.E. Homes, Inc.,109 N.C.App. 174, 181, 426 S.E.2d 728, 732 (1993) and Wood v. Wood,297 N.C. 1, 252 S.E.2d 799 (1979), to support her proposition that an attorney's negligence may constitute grounds for excusable neglect under Rule 60(b)(1). However, both of these cases were decided before our Supreme Court's decision in Briley."This Court subsequently has recognized Brileyas the controlling authority on the issue of excusable neglect under Rule 60(b)(1)." Purcell Int'l Textile Grp., Inc. v. Algemene AFW N.V.,185 N.C.App. 135, 140, 647 S.E.2d 667, 672 (2007) (citing Henderson v. Wachovia Bank of N. Carolina, N.A.,145 N.C.App. 621, 626, 551 S.E.2d 464, 468 (2001) ).
We are bound by our Supreme Court's precedent in Briley,and hold that Ms. Zhang's attorney's conduct in failing to respond to Mr. Lin's cross-claims is not "excusable neglect" under Rule 60. The trial court did not err in denying Ms. Zhang's motion to set aside the default judgment. This argument is overruled.
VI. Conclusion
The record shows the trial court entered only one order for an extension of time to serve the proposed record on appeal. The court did not abuse its discretion by denying Mr. Lin's motion to dismiss Ms. Zhang's appeal. Ms. Zhang's failure to file a motion to set aside the amended default judgment does not preclude this Court from considering her appeal.
The trial court properly denied Ms. Zhang's motion to set aside the default judgment and entry of default. Her attorney's conduct in not responding to Mr. Lin's motion does not constitute "excusable neglect" under Rule 60. The trial court's orders are affirmed.
AFFIRMED.
Judges STROUD and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by defendant, Fang Yu Zhang, from judgment entered 1 July 2014 by Judge Susan E. Bray in Guilford County Superior Court, and appeal by defendant Yong Guang Lin, from order entered 6 November 2014 by Judge Lindsay R. Davis, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 6 May 2015.