ZACHARY, Judge.
 

 *717
 
 Mark Duncan (defendant) appeals from orders finding him in contempt of earlier orders that had directed him to have no contact with Shirley McKinney or Robert McKinney (plaintiffs). On appeal, defendant argues that the trial court erred by "failing to specify a deadline" within which defendant could purge himself of civil contempt, with the result that the court's order was "impermissibly vague in that it effectively held the defendant in civil contempt indefinitely." Defendant also argues that the trial court erred by failing to find that he had the present ability to comply with the purge condition that he obtain a psychological examination within 60 days of the entry of the order. For the reasons discussed below, we conclude that defendant has attempted to appeal from orders that were not entered. An order cannot be enforced or appealed until it is entered, and we are without jurisdiction to consider defendant's appeal, which must be dismissed.
 

 Factual and Procedural Background
 

 On 30 June 2016, plaintiffs filed complaints seeking entry of no-contact orders barring defendant from harassing or threatening them.
 

 *718
 
 A hearing was conducted on plaintiffs' complaints in domestic violence court on 5 July 2016, before the Honorable B. Carlton Terry, Jr. Ms. McKinney testified that defendant and his wife had moved into a house across the street from plaintiffs' house about a year earlier. After moving into the neighborhood, defendant had engaged in threatening and upsetting behavior, including shouting at Ms. McKinney and making "pig noises" in her direction, displaying a banner that disparaged the condition of plaintiffs' yard, and sending letters to Ms. McKinney that she found frightening. On one occasion, defendant displayed a firearm and pointed it at plaintiffs' house, before firing it in a different direction. Mr. McKinney testified that he was 28 years old and lived with his mother, Ms. McKinney. His testimony generally corroborated that of Ms. McKinney; in addition, Mr. McKinney testified
 
 *511
 
 that defendant stalked and harassed him as Mr. McKinney walked from his home to his employment at a Walmart store a few minutes away. Defendant testified that he was a "62 year old grandfather, disabled veteran" and that he had not committed the acts to which plaintiffs testified.
 

 At the conclusion of the hearing, the trial court ruled that plaintiffs had proven by the preponderance of the evidence that on one or more occasions defendant had harassed or tormented plaintiffs. The court informed defendant that it was entering no-contact orders and that for the following year defendant would be subject to restrictions:
 

 So for both of these cases for the next year, sir, I'm ordering that you should not visit, assault, molest or otherwise interfere with either of these Plaintiffs. Cease stalking of them is a term of art. Cease harassment. Do not abuse or injure them. Do not contact them by telephone, written communication, or electronic means, or in person. Do not enter or remain present at their residence, place of employment for the next year.
 

 On 5 July 2016, Judge Terry entered no-contact orders barring defendant from having any contact with either plaintiff. Defendant did not appeal these orders.
 

 Upon plaintiffs' motions filed on 22 August 2016, the assistant clerk of court issued orders that required defendant to appear and show cause why he should not be held in contempt of court for violating the terms of the no-contact orders entered on 5 July 2016. Plaintiffs' motions alleged that defendant had failed to comply with the no-contact orders and had continued to engage in harassing and threatening behavior. The parties subsequently reached an agreement resolving the issues raised
 
 *719
 
 by plaintiffs' motions. At a hearing conducted on 10 October 2016 by the Honorable Mary F. Paul, the judge reviewed the terms of each of the memoranda of agreement, which were then signed by the parties, defense counsel, and the court. The judgments specified ways in which the parties agreed to respect one another's privacy and avoid contact, and provided that the judgments could be enforced by contempt proceedings.
 

 Upon plaintiffs' motions filed on 8 November 2016, the assistant clerk of court issued orders that required defendant to appear and show cause why he should not be held in contempt of court for violation of the terms of the no-contact orders entered 5 July 2016 and of the consent judgments entered 10 October 2016 in response to plaintiffs' earlier motions for contempt. Plaintiffs alleged that defendant continued to engage in threatening and harassing behavior directed at plaintiffs. Judge Paul conducted a hearing on plaintiffs' motions on 12 December 2016. Ms. McKinney testified that defendant had continued to violate the terms of the original no-contact orders and the consent judgments. Defendant testified that he had abided by the orders.
 

 On 12 December 2016, Judge Paul signed orders with respect to each plaintiff, finding defendant in contempt of both the no-contact orders and both of the judgments. The orders stated that defendant was to be incarcerated until he was no longer in contempt, but that the incarceration was stayed and that defendant could purge himself of contempt by committing "no further violations of the orders entered on 7/5/16 and 10/10/16" and by obtaining a psychological evaluation within 60 days. Defendant appealed to this Court from the orders finding him in civil contempt and setting out the means by which he could purge himself of contempt.
 

 Jurisdiction over Appeal
 

 Proceedings for civil contempt are governed by N.C. Gen. Stat. § 5A-23 (2016). N.C. Gen. Stat. § 5A-23(e) requires that if, at the conclusion of a hearing, the trial court finds the alleged contemnor to be in contempt, "the judicial official must enter an order finding the facts constituting contempt and specifying the action which the contemnor must take to purge himself or herself of the contempt." In the present case, the record fails to establish that the orders holding defendant in contempt were entered.
 

 A "judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2016). "This Court has previously held that Rule 58 applies to orders, as
 
 *512
 
 well as judgments, such that an order is likewise entered when it is
 
 *720
 
 reduced to writing, signed by the judge, and filed with the clerk of court."
 
 Watson v. Price
 
 ,
 
 211 N.C. App. 369
 
 , 370,
 
 712 S.E.2d 154
 
 , 155 (2011) (citing
 
 Abels v. Renfro Corp
 
 .,
 
 126 N.C. App. 800
 
 , 803,
 
 486 S.E.2d 735
 
 , 737-38 (1997) ). "[A] judgment that has merely been [orally] rendered, but which has not been entered, is not enforceable until entry."
 
 Watson
 
 ,
 
 211 N.C. App. at 371
 
 ,
 
 712 S.E.2d at 155
 
 . An order "cannot be modified or enforced or appealed before it is entered."
 
 Spears v. Spears
 
 ,
 
 245 N.C. App. 260
 
 , 286,
 
 784 S.E.2d 485
 
 , 502 (2016) (citing
 
 Carland v.
 

 Branch
 
 ,
 
 164 N.C. App. 403
 
 , 405,
 
 595 S.E.2d 742
 
 , 744 (2004) ("Since there was no order 'entered' when defendant filed her motion to modify, there was nothing to modify.")).
 

 In the present case, the trial court orally rendered judgment at the conclusion of the hearing.
 

 THE COURT: Now, I'm going to hold him in Civil Contempt.... The only way he can purge himself of this Contempt, is I want to see a full psychological evaluation. That is to be done within the next, I'll give him 60 days to complete it.
 

 ...
 

 So the Order is that he gets 30 days in custody, that is suspended on the condition that he get a full psychological[ ] evaluation. And that he not violate any other portions of this Order. So the suspension is, is that if they file this and there's a problem and he hasn't done that psychological. It's not much of a hearing to be done. It's already there. I'm staying the execution of my judgment to give him that opportunity.
 

 Defendant has attempted to appeal from orders that were signed by the trial court on 12 December 2016.
 
 [1]
 
 These orders do not bear a file stamp or other indication that they were ever filed with the clerk of court. As a result, the record fails to establish that the orders were entered:
 

 Clerk Hinshaw orally rendered her decision ... on 26 April 2007 in open court. Thereafter, she reduced the order to writing and dated it. However, nothing in the record indicates that the order was filed with the clerk of court.
 

 The order is devoid of any stamp-file or other marking necessary to indicate a filing date, and therefore it was not
 
 *721
 
 entered.
 
 See
 

 Huebner v. Triangle Research Collaborative
 
 ,
 
 193 N.C. App. 420
 
 , 422,
 
 667 S.E.2d 309
 
 , 310 (2008) (asserting that a filing date is to be determined by the date indicated on the file-stamp);
 
 see also
 

 Watson
 
 ,
 
 211 N.C. App. at 373
 
 ,
 
 712 S.E.2d at 157
 
 (standing for the proposition that a signed and dated order is insufficient to be considered filed).
 

 In re Thompson
 
 ,
 
 232 N.C. App. 224
 
 , 228,
 
 754 S.E.2d 168
 
 , 171 (2014). A properly entered order is essential to vest this Court with subject matter jurisdiction over an appeal:
 

 Entry of judgment by the trial court is the event which vests jurisdiction in this Court, and the judgment is not complete for the purpose of appeal until its entry. Since entry of judgment is jurisdictional, this Court has no authority to hear an appeal where there has been no entry of judgment.... [We] must dismiss this appeal since we lack jurisdiction.
 
 See
 

 Mason v. Moore County Bd. of Comm'rs
 
 ,
 
 229 N.C. 626
 
 , 629,
 
 51 S.E.2d 6
 
 , 8 (1948) ("If [the record] fails to disclose the necessary jurisdictional facts we have no authority to do more than dismiss the appeal.")
 

 In re Estate of Walker
 
 ,
 
 113 N.C. App. 419
 
 , 420-21,
 
 438 S.E.2d 426
 
 , 427 (1994) (citing
 
 Searles v. Searles
 
 ,
 
 100 N.C. App. 723
 
 , 725-26,
 
 398 S.E.2d 55
 
 , 57 (1990) ). We conclude that the orders from which defendant has attempted to appeal were never entered, and we have no subject matter jurisdiction to review their contents. Accordingly, defendant's appeal is
 

 DISMISSED.
 

 Judges DAVIS and BERGER concur.
 

 [1]
 

 These orders differ from the court's orally rendered judgment in that they order defendant to be "committed to the county jail for an indefinite period" rather than for 30 days. The orders otherwise track the language used by the court in its orally rendered judgment.