AVCO FINANCIAL SERVICES v. CHARLES W. ISBELL

No. 8311DC431

(Filed 20 March 1984)

**Execution § 1— exemptions from collection of judgment—motor vehicles**

   Under the statute setting forth the exemptions of a judgment debtor from the collection of the debt, G.S. 1C-1601, section (a)(3) does not limit the exemption for a motor vehicle under any section to a $1,000 interest in one motor vehicle but applies only to exemptions claimed under that section, and section (a)(2) permits the debtor to exempt "any property" up to $2,500 in value except that described in the "residence exemption" of section (a)(1), whether it be motor vehicles, other personal property, tools of the trade, or property not qualifying for any other exemption. Therefore, a judgment debtor could exempt from the collection of the judgment his interest in a Chevrolet van in the amount of $1,000 under section (a)(3) and the remaining interest in the van, worth $211.64, and his interest in a motorcycle, worth $1,200, under the "wild card" provision of section (a)(2).

APPEAL by defendant from *Pridgen, Judge.* Order entered 31 January 1983 in District Court, LEE County. Heard in the Court of Appeals 8 March 1984.

This is an appeal by defendant, judgment debtor, from a court order denying his motion to claim his interest in certain property as exempt from the claims of a judgment creditor pursuant to N.C. Gen. Stat. Secs. 1C-1601-1604.

*F. Jefferson Ward, Jr., for plaintiff, appellee.*

*Cameron & Hager, P.A., by Richard B. Hager, for defendant, appellant.*

HEDRICK, Judge.

The following facts are not controverted:

On 30 August 1982 judgment was entered against the defendant and for the plaintiff in the amount of $800.00. On 5 December 1982 defendant was served by plaintiff with formal notice of defendant's right to exempt certain property from collection of the judgment. On 3 January 1983 defendant filed a motion to claim exempt property pursuant to N.C. Gen. Stat. Sec. 1C-1603. In this motion defendant claimed as exempt his interest in a 1981 Chevrolet van, valued at $1,211.64, and his interest in a

1978 Harley motorcycle, valued at $1,200.00. Plaintiff filed an objection to defendant's motion, and the matter came on for hearing before Judge Pridgen on 31 January 1983. From an order denying defendant's motion and directing levy and execution on the van and motorcycle, defendant appealed.

N.C. Gen. Stat. Sec. 1C-1601 in pertinent part provides:

(a) Exempt property.—Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of his creditors:

(1) The debtor's aggregate interest, not to exceed seven thousand five hundred dollars ($7,500) in value, in real property or personal property that the debtor . . . uses as a residence. . . .

(2) The debtor's aggregate interest in any property, not to exceed two thousand five hundred dollars ($2,500) in value less any amount of the exemption used under subdivision (1).

(3) The debtor's interest, not to exceed one hundred [sic] dollars ($1,000) in value, in one motor vehicle.

The statute provides additional exemptions for the debtor's interests in personal property, "tools of the trade," life insurance, health aids, and personal injury awards. The sections concerning personal and business property contain a dollar limit on the amount of exemption available to the debtor under these sections.

In the instant case, defendant seeks to exempt his interest in the Chevrolet van in the amount of $1,000.00, the statutory maximum available under N.C. Gen. Stat. Sec. 1C-1601(a)(3). He seeks to shelter his remaining interest in the van, worth $211.64, and his interest in the motorcycle, worth $1,200.00, under N.C. Gen. Stat. Sec. 1C-1601(a)(2), the so-called "wild card" provision. Plaintiff, on the other hand, contends that the statute clearly limits defendant's available exemption to a maximum $1,000.00 interest in *one* motor vehicle. Resolution of the controversy thus requires this Court to consider and, if necessary, to interpret these statutory provisions. Both parties agree that the case is one of first impression in this State.

The law governing statutory construction is well-settled. When the language of a statute is clear and without ambiguity, "there is no room for judicial construction," and the statute must be given effect in accordance with its plain and definite meaning. *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E. 2d 849, 854 (1980). When a literal interpretation of statutory language yields absurd results, however, or contravenes clearly expressed legislative intent, "the reason and purpose of the law shall control and the strict letter thereof shall be disregarded." *State v. Barksdale*, 181 N.C. 621, 625, 107 S.E. 505, 507 (1921). *See also Mazda Motors v. Southwestern Motors*, 296 N.C. 357, 250 S.E. 2d 250 (1979).

Turning now to the statutory provisions at issue in the instant case, we think the language of N.C. Gen. Stat. Sec. 1C-1601 (a)(2) is clear and free from ambiguity. The provision states that the debtor may exempt "any property" under its terms, and contains only one qualification: that the exemption is available only to debtors not claiming an equivalent or larger exemption under N.C. Gen. Stat. Sec. 1C-1601(a)(1)—the "residence exemption." Under the clear language of Sec. 1C-1601(a)(2), then, a debtor may use the exemption to shelter "any property" except that described in the "residence exemption," whether it be motor vehicles, other personal property, "tools of the trade," or property not qualifying for any other exemption. Nor do we believe this literal interpretation leads to absurd results, or contravenes the legislative purpose. It seems clear that the purpose of the exemption, consistent with the overall statutory scheme, is to permit the debtor some flexibility in determining which of his assets should be sheltered from creditors' claims. We see no reason to treat motor vehicles differently from other forms of property in according protection to this legislative goal.

Plaintiff contends that the language of N.C. Gen. Stat. Sec. 1C-1601(a)(3) is equally clear and limits defendant's available exemption under *any* section to a $1,000.00 interest in *one* motor vehicle. While we agree that the language of Sec. 1C-1601(a)(3) is clear and unambiguous, we do not agree with plaintiff's contention regarding its meaning. We believe the limits contained in subsection (a)(3) apply only to exemptions claimed *under that subsection* and have no application to exemptions claimed under subsection (a)(2).

The order is reversed and the cause remanded to the District Court for entry of an order consistent with this opinion.

Reversed and remanded.

Judges WHICHARD and JOHNSON concur.