COUNTY OF CARTERET v. LONG

[128 N.C. App. 477 (1998)]

---

COUNTY OF CARTERET, Plaintiff v. CURTIS L. LONG; RICHARD RICHARDSON and wife, ARLETHA RICHARDSON; THE STATE OF NORTH CAROLINA (LIENOR), Defendants

No. COA97-39

(Filed 3 February 1998)

**Taxation § 208 (NCI4th)— ad valorem tax lien—priority over State tax lien**

County ad valorem tax liens under the Machinery Act have priority over State tax liens under the Revenue Act even when the State tax lien is docketed in advance of the county lien. Although

the statutes are ambiguous as to which lien should have priority, policy considerations support the conclusion that the legislature did not intend to allow the State to cut off local tax liens, which are the county's major recourse for collecting tax revenue, upon the filing of a certificate of tax liability. N.C.G.S. §§ 105-241(d), 105-356(a).

Judge GREENE dissenting.

Appeal by defendant, the State of North Carolina, from Judgment of Foreclosure on Tax Lien dated 26 September 1996 by Judge Jerry F. Waddell in Carteret County District Court. Heard in the Court of Appeals 11 September 1997.

*Attorney General Michael F. Easley, by Special Deputy Attorney General George W. Boylan, for the State.*

*Beven W. Wall, for plaintiff-appellee.*

WYNN, Judge.

On 6 February 1996, based on an ad valorem tax lien for each year from 1986 to 1995, the County of Carteret ("County") foreclosed on real property located in Carteret County. As evidenced by a certificate of tax liability, docketed 7 December 1993, the State of North Carolina ("State") placed a judgment lien on the same real property, and contends that this lien is superior to the County lien for the years 1994 and 1995. Both the State and the County filed motions for summary judgment. In granting summary judgment in favor of the County, the trial court concluded:

[The] County's lien arising by operation of law for county ad valorem taxes on real property for the 1986 through 1995 tax years, including specifically those arising for the 1994 and 1995 tax years are superior to the judgment lien in favor of the State of North Carolina evidenced by Certificate of Tax liability docketed in the Office of the Clerk of Superior Court of Carteret County on [7 December 1993] in the amount of $1,603.24 plus interest as set forth therein.

The State now appeals this issue to us.

I.

State taxes are provided for under the Revenue Act, N.C. Gen. Stat. §§ 105-1 to 105-270 (1997), while county taxes are provided for under the Machinery Act, N.C. Gen. Stat. §§ 105-271 to 105-396 (1997).

Both of these acts set forth priority rules for tax liens. Section 105-241 of the Revenue Act provides in pertinent part:

(d) Lien.—This subsection applies *except when another Article of this Chapter contains contrary provisions with respect to a lien for a tax levied in that Article.* The lien of a tax attaches to all real and personal property of a taxpayer on the date a tax owed by the taxpayer becomes due. The lien continues until the tax and any interest, penalty, and costs associated with the tax are paid. A tax lien is not extinguished by the sale of the taxpayer's property. A tax lien, however, is not enforceable against a bona fide purchaser for value or the holder of a duly recorded lien unless:

(1) In the case of real property, a certificate of tax liability or a judgment was first docketed in the office of the clerk of superior court of the county in which the real property is located.

. . .

The priority of these claims and liens is determined by the date and time of recording, docketing, levy, or bona fide purchase.

N.C. Gen. Stat. § 105-241(d) (1997) (emphasis added). The pertinent part of Section 105-356 of the Machinery Act provides:

(a) On Real Property.—The lien of taxes imposed on real and personal property shall attach to real property [every January 1st]. The priority of that lien shall be determined in accordance with the following rules:

(1) *Subject to the provisions of the Revenue Act prescribing the priority of the lien for State taxes*, the lien of taxes imposed under the provisions of this Subchapter shall be superior to all other liens, assessments, charges, rights, and claims of any and every kind in and to the real property to which the lien for taxes attaches regardless of the claimant and regardless of whether acquired prior or subsequent to the attachment of the lien for taxes.

N.C. Gen. Stat. § 105-356(a) (1997) (emphasis added).

It is a well-established principle of statutory construction that when a statute is clear and unambiguous, " 'there is no room for judi-

cial construction,' and the statute must be given effect in accordance with its plain and definite meaning." *Avco Financial Services v. Isbell,* 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting *Williams v. Williams,* 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980)). In this case, however, the general statutes are ambiguous as to which lien should have priority.

Under section 105-356 of the Machinery Act, the county lien is granted priority over "all other liens, assessments, charges, rights, and claims of any and every kind in and to the real property to which the lien for taxes attaches regardless of the claimant and regardless of whether acquired prior or subsequent to the attachment of the lien for taxes." N.C. Gen. Stat. § 105-356 (1997). Under this rule, the county lien would have priority. However, the statute qualifies this first priority by making it "[s]ubject to the provisions of the Revenue Act prescribing the priority of the lien for State taxes." *Id.*

Two parts of section 105-241 of the Revenue Act discuss the priority of State tax liens.

First, section 105-241(d) provides that a State tax lien is enforceable against the holder of a duly recorded lien once a certificate of tax liability is filed. N.C. Gen. Stat. § 105-241(d) (1997). Furthermore, "[t]he priority of these claims and liens is determined by the date and time of recording, docketing, levy, or bona fide purchase." *Id.* Therefore, because the section 105-356 lien is "subject to" this rule, once a certificate of tax liability has been filed, the State tax lien becomes enforceable against the county tax lien and furthermore the priority between the liens is determined chronologically.

However, section 105-356 is also "subject to" the second part of section 105-241's priority rule—"[Section 105-241] applies except when another Article of this Chapter contains contrary provisions with respect to a lien for a tax levied in that Article." *Id.* Section 105-356—which provides for first priority for a municipal tax lien— therefore contains a "contrary provision." Thus, section 105-241 would not be applicable. In short, the statutory language leads to circular reasoning without resolution, and is, therefore, ambiguous.

II.

Having concluded that the general statutes are ambiguous on this issue, we now undertake the well-settled practice of examining the underlying policies of the statutes in order to resolve the ambiguity.

Our court previously addressed this question in *County of Lenoir v. Moore*, 114 N.C. App. 110, 441 S.E.2d 589 (1994), *aff'd*, 340 N.C. 104, 455 S.E.2d 158 (1995). There, we considered a statute substantially the same as the present one and held that Machinery Act liens have priority over Revenue Act liens. *See id.* at 119, 441 S.E.2d at 594. With one justice abstaining, our Supreme Court split evenly when it reviewed that case, and as a result *Moore* was affirmed without precedential value. *See County of Lenoir v. Moore*, 340 N.C. 104, 455 S.E.2d 158 (1995). Although we recognize that *Moore* is not binding authority upon our court, we find its discussion of the policy considerations behind the Machinery and Revenue acts instructive upon the question that we now consider.

In *Moore*, citing *Saluda v. Polk County*, 207 N.C. 180, 185, 176 S.E. 298, 301 (1934), we noted that "real property ad valorem taxes are inherently public in character: they are statutorily authorized taxes that serve the need of the community as a whole. 114 N.C. App. at 116, 441 S.E.2d at 592. We also noted that the General Assembly expressly recognized the "first lien" priority of local ad valorem taxes in N.C. Gen. Stat. § 105-321(b). *Id.* at 117-18, 441 S.E.2d at 593. We found further support for our holding in the nature of ad valorem taxes, which arise by operation of law. *See id.* at 118-19, 441 S.E.2d at 593-94. *Moore* also noted the long established understanding that local taxes had priority under Chapter 105. *See id.* at 119-20, 441 S.E.2d at 594.

In addition to the factors considered in *Moore*, the differences in the priority systems provided by the legistature provides further support for the position taken in *Moore*. Under the Machinery Act, municipal liens are given priority over other liens, "regardless of whether acquired prior or subsequent to the attachment of the lien for taxes." N.C. Gen. Stat. § 105-356(a)(1) (1997). In contrast, for liens under the Revenue Act, priority "is determined by the date and time of recording, docketing, levy, or bona fide purchase." N.C. Gen. Stat. § 105-241(d) (1997). Additionally, the Revenue act places limitations on the ability of the State to proceed against a taxpayer's real property. *See* N.C. Gen. Stat. § 105-242 (limiting the sale of real property under State certificate of tax liability or judgment with administrative process) and § 105-242(e) (protecting certain property of taxpayer, including taxpayer's principal residence, from judgment lien execution, absent special procedures). The Machinery Act does not so limit the county's foreclosure authority.

Furthermore, counties are in a better position to purchase and remarket foreclosed land than the state. A local taxing unit can evaluate a property, value it against local market conditions, and bid more efficiently than the State can oversee land sales in one hundred counties. Placing priority with the State lien places it with the unit of government in the poorest position to evaluate and recover tax revenue from a piece of property. Finally, as the County of Carteret points out, the State has access to numerous revenue sources, while counties primarily rely on ad valorem taxes.

In light of these considerations, we conclude that the general assembly did not intend to allow the State to cut off local tax liens, which is a county's major recourse for collecting tax revenue, upon the filing of a certificate of tax liability. Accordingly, the trial court correctly determined that the county's lien had priority over the state lien.

Affirmed.

Judge MARTIN, Mark D., concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

The majority correctly notes the well-established principle of statutory construction that when a statute is clear and unambiguous, " 'there is no room for judicial construction,' and the statute must be given effect in accordance with its plain and definite meaning." *Avco Financial Services v. Isbell*, 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980)). Unlike the majority, however, I believe that the statutory provisions relevant to this case are unambiguous. The Machinery Act's priority rules are plainly "[s]ubject to the provisions of the Revenue Act prescribing the priority of the lien for State taxes . . . ." N.C.G.S. § 105-356(a)(1) (1997). While the Revenue Act states that it does not apply "when another Article of this Chapter contains contrary provisions with respect to a lien for a tax levied in that Article . . . ," N.C.G.S. § 105-241(d) (1997), the Machinery Act does *not* contain contrary provisions because of the "subject to" language contained therein. By plainly subjecting the otherwise contrary provisions of the Machinery Act to the provisions of the Revenue Act, the legislature leaves no room for the majority's judicial construction.

The Revenue Act therefore provides the priority rules as between state and local taxes. Under the straightforward language of the Revenue Act, state tax liens are deemed superior to local ad valorem tax liens when they are docketed in the office of the county clerk of court prior to the date the ad valorem tax liens are perfected by operation of law.

The majority notes, and I acknowledge, that this Court has previously held that county ad valorem tax liens have priority over state tax liens, even when the state tax lien is docketed in advance of the county lien. *County of Lenoir v. Moore*, 114 N.C. App. 110, 441 S.E.2d 589 (1994), *aff'd by an equally divided Court*, 340 N.C. 104, 455 S.E.2d 158 (1995). The *Moore* opinion, however, was affirmed by our Supreme Court "without precedential value" and accordingly we must resolve the issue "without regard" to *Moore. Elliot v. N.C. Dept. of Human Resources*, 115 N.C. App. 613, 620, 446 S.E.2d 809, 813-14 (1994), *aff'd per curiam*, 341 N.C. 191, 459 S.E.2d 273 (1995). In any event, the language of the statute at issue in this case is different from the language contained in the statute controlling the resolution of the issue presented in *Moore*, in that the legislature has amended the Revenue Act and has deleted some of the language relied on by the *Moore* majority.

In this case, the State docketed a Certificate of Tax Liability in the Carteret County Clerk of Superior Court's office on 7 December 1993. The County ad valorem tax liens, which arose by operation of law on 1 January 1994 and 1 January 1995, were therefore inferior to the properly docketed state lien. Accordingly, I would reverse both the trial court's grant of summary judgment for the County and the trial court's denial of summary judgment for the State, and remand for entry of summary judgment for the State.