ENNIS v. HENDERSON

[176 N.C. App. 762 (2006)]

---

LINDA WYNNE ENNIS, Plaintiff v. WALLIE HENDERSON, JR. and ANNIE WILLIAMS HENDERSON, Defendants

No. COA05-881

(Filed 21 March 2006)

**Judgments— offer of judgment—acceptance required within ten days**

The trial court erred in a negligence action arising out of an automobile accident by finding plaintiff's acceptance of an offer of judgment to be valid based on the trial court's ex parte extension of time to accept defendants' offer of judgment, because: (1) offers of judgment not accepted within ten days are deemed withdrawn under N.C.G.S. § 1A-1, Rule 68; and (2) our General Assembly did not intend for N.C.G.S. § 1A-1, Rule 6(b) to authorize the trial court to enlarge the allotted time.

Appeal by defendants from order entered 24 March 2005 by Judge Orlando Hudson in Durham County Superior Court. Heard in the Court of Appeals 8 February 2006.

*Nick Galifianakis & Associates, by Millie E. Hershner for plaintiff-appellee.*

*Haywood, Denny & Miller, L.L.P., by John R. Kincaid for defendants-appellants.*

ENNIS v. HENDERSON

[176 N.C. App. 762 (2006)]

CALABRIA, Judge.

Wallie Henderson, Jr. and Annie Williams Henderson ("defendants") appeal the order finding Linda Wynne Ellis' ("plaintiff") acceptance of an offer of judgment valid. We reverse.

On 15 July 2004, plaintiff filed a complaint against defendants for alleged injuries suffered on 11 August 1999 in an automobile accident.[1] On 12 August 2004, defendants filed an answer denying negligence and asserting several defenses.

On 6 December 2004, defendants, pursuant to Rule 68 of the North Carolina Rules of Civil Procedure, served an offer of judgment in the amount of $4,501.00 together with costs accrued to the date of the offer. On 17 December 2004, plaintiff moved the court to extend by fourteen days the time to respond to defendants' offer of judgment. On the same day, the court granted plaintiff's *ex parte* motion to extend time through and including 31 December 2004.

On 30 December 2004, plaintiff accepted defendants' offer of judgment which was served upon defendants on 3 January 2005. On 11 January 2005, plaintiff filed a motion for costs after acceptance of defendants' offer of judgment. On 13 January 2005, defendants moved the court to determine the sufficiency of plaintiff's acceptance of defendants' offer of judgment.

On 24 March 2005, the trial court, citing Rule 6(b) of the North Carolina Rules of Civil Procedure, ordered the following: plaintiff's acceptance of defendants' offer of judgment was valid and any failure of plaintiff to timely respond was due to "excusable neglect.". On the same day, the trial court entered a judgment in favor of plaintiff to include: the offer of judgment totaling $4,501.00 together with attorneys fees in the amount of $3,500.00 and costs of $94.76. Defendants appeal.

Defendants argue the trial court erred in entering judgment against them based on an untimely and ineffective acceptance of an offer of judgment. Defendants contend offers of judgment not accepted within ten days are deemed withdrawn and our General Assembly did not intend for Rule 6(b) to authorize the trial court to enlarge the allotted time. We agree.

---

1. A previous suit regarding this same accident was filed and voluntarily dismissed in August 2002.

ENNIS v. HENDERSON

[176 N.C. App. 762 (2006)]

N.C. R. Civ. P. 68 provides, in pertinent part,

[a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him . . . with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance. . . . *An offer not accepted within 10 days after its service shall be deemed withdrawn* and evidence of the offer is not admissible except in a proceeding to determine costs.

N.C. Gen. Stat. § 1A-1, Rule 68 (2005) (emphasis added). Conversely, N.C. R. Civ. P. 6(b) provides, in pertinent part,

[w]hen by *these rules . . . an act is required* or allowed to be done at or *within a specified time, the court* for *cause shown may* at any time in *its discretion . . . order the period enlarged* if request therefor is made before the expiration of the period originally prescribed. . . . Upon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of *excusable neglect . . .* provided . . . neither the court nor the parties may extend the time for taking any action under Rules 50(b), 52, 59(b), (d), (e), 60(b), except to the extent and under the conditions stated in them.

N.C. Gen. Stat. § 1A-1, Rule 6(b) (2005) (emphasis added). Thus, the principle question before this Court is whether Rule 6(b) grants authority to the trial court to enlarge the time to accept offers of judgment pursuant to Rule 68. We hold it does not.

First, we note "[w]here an appeal presents a question of statutory interpretation, this Court conducts a *de novo* review of the trial court's conclusions of law." *Morgan v. Steiner*, 173 N.C. App. 577, 579, 619 S.E.2d 516, 518 (2005). " 'Statutory interpretation properly begins with an examination of the plain words of the statute.' " *State ex rel. Banking Comm'n v. Weiss*, 174 N.C. App. 78, 83, 620 S.E.2d 540, 543 (2005) (citing *Three Guys Real Estate v. Harnett County*, 345 N.C. 468, 472, 480 S.E.2d 681, 683 (1997) (quoting *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992)). Consequently, "[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990); *see also In re Robinson*, 172 N.C. App. 272, 274, 615 S.E.2d 884, 886

(2005) (stating when statutory language is transparent "courts . . . are without power to interpolate, or superimpose, provisions and limitations not contained therein.") Consequently, the statute "must be given effect and its clear meaning may not be evaded by an administrative body or a court under the guise of construction." *Utilities Comm'n v. Edmisten*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977).

In the instant case, defendants served plaintiff an offer of judgment on 6 December 2004. The three day window provided by North Carolina Rule of Civil Procedure 6(e) for service by mail allowed plaintiff to accept the offer until 19 December 2004. Consequently, on 17 December 2004, when plaintiff moved the trial court for an *ex parte* order to extend the time to accept defendants' offer by two weeks through 31 December 2004, the trial court did not have discretion under Rule 6(b) to extend the time allotted for plaintiff to accept defendants' offer of judgment pursuant to Rule 68. Historically, trial courts used Rule 6(b) to enlarge the time to file summons, complaints, and answers. The difference, however, between these situations and Rule 68 is that offers of judgment do not require a response by the other party. Specifically, if ten days pass from the date an offer is made and the other party does not accept, the offer is automatically rescinded per operation of the Rule. In contrast, the filing of a complaint necessitates the filing of an answer and thus, trial courts have discretion, pursuant to Rule 6(b), to grant extensions of time to parties to file these documents. There is no similar necessity regarding offers of judgment under Rule 68.

In the instant case, plaintiff failed to accept defendants' offer of judgment within ten days as required by the clear language of Rule 68. Under Rule 68, offers not accepted within 10 days "shall be deemed withdrawn." The plain meaning of Rule 68 is evident; once a party serves an offer of judgment, the other party has 10 days to accept. Absent an agreement between the parties, the other party does not have 10 days to seek an *ex parte* extension of time and then accept. Had our General Assembly desired automatic, *ex parte* extensions of time to be granted, Rule 68 would have included such a modification. Rule 68 does not include such an express modification and thus, the trial court erred in granting plaintiff an *ex parte* extension of time to accept defendants' offer of judgment.

Reversed.

Chief Judge MARTIN and Judge BRYANT concur.