IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-577

 Filed: 2 May 2017

Buncombe County, No. 14 CVS 4300

THE CITY OF ASHEVILLE, Petitioner,

 v.

ROBERT H. FROST, Respondent.

 Appeal by petitioner from order entered 22 December 2015 by Judge William

H. Coward in Buncombe County Superior Court. Heard in the Court of Appeals 10

January 2017.

 McGuire, Wood & Bissette, P.A., by Sabrina Presnell Rockoff, and Asheville
 City Attorney Robin Currin, Deputy City Attorney Kelly Whitlook, and Assistant
 City Attorney John Maddux, for petitioner-appellant.

 John C. Hunter for respondent-appellee.

 BRYANT, Judge.

 Where North Carolina Session Law 2009-401 specifically provides that a

petitioner may request a trial by jury and then provides that the matter shall proceed

“as any other civil action,” the specificity of the session law controls and the trial court

erred in denying petitioner’s motion to strike respondent’s demand for a jury trial.

 This matter was first brought before the Civil Service Board of the City of

Asheville (“the Civil Service Board”) as a quasi-judicial matter on 9 September 2014.

The Civil Service Board was tasked with a review of the process by which Senior
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

Police Officer Robert H. Frost had been terminated from employment on 12 March

2014. Officer Frost’s termination resulted from an accusation of excessive force.

 In an order entered 25 September 2014, the Civil Service Board made findings

of fact which indicated that on 2 February 2014, Officer Frost was in uniform, driving

a marked police vehicle, working as a patrol officer for the Asheville Police

Department when he was “flagged down” by a store clerk for the “Hot Spot” located

at 70 Asheland Avenue. The clerk directed Officer Frost’s attention to a woman,

Amber Banks, who had previously been banned from the store. As Banks was leaving

the area, Officer Frost yelled for her to stop and ran to catch up with her as she kept

walking away. Officer Frost arrested Banks for trespassing.

 As he escorted Banks back toward his vehicle, a struggle ensued. Officer Frost

took Banks to the ground with a leg sweep, called for backup, and placed Banks in

handcuffs. As they again proceeded toward the police vehicle, it appeared to Officer

Frost that Banks was getting ready to kick him. In order to defend himself, he began

running with Banks and then pushed her onto the hood of his police vehicle. On the

car hood, Banks rolled over and Officer Frost believed she was attempting to bite him.

So, he took her to the pavement, admitting that he lost his grip and that Banks landed

harder than he had intended. Banks laid still and quiet on the ground until another

officer arrived. Emergency Medical Services also arrived, checked Banks at the

scene, and cleared her to go to the detention facility.

 -2-
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

 The same day of the incident, Officer Frost completed an “Asheville PD Use of

Force Report.” The report was reviewed by Officer Frost’s chain of command, and

ultimately, the incident was investigated by the State Bureau of Investigation and

Office of Professional Standards. On 14 February 2014, Officer Frost was placed on

paid non-disciplinary investigative suspension. Following a 28 February 2014 panel

hearing convened upon a supervisor’s recommendation of disciplinary action, a

recommendation was made that Officer Frost be terminated from employment. On

12 March 2014, Officer Frost was terminated from employment with the City of

Asheville Police Department. Officer Frost timely appealed the termination to the

Civil Service Board. The Civil Service Board found that termination of Officer Frost

was improper and in violation of city policies as Officer Frost was not provided

adequate due process protection. Therefore, the Civil Service Board concluded that

the City’s termination of Officer Frost was not justified, that the termination should

be rescinded, and that Officer Frost should be reinstated with back pay and all

benefits.

 On 3 October 2014, the City of Asheville filed a civil summons and a petition

for trial de novo in Buncombe County Superior Court. Shortly thereafter, on the same

day, Officer Frost likewise filed with Buncombe County Superior Court a petition for

a trial de novo.

 -3-
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

 In his petition for a trial de novo, Officer Frost requested a trial by jury

pursuant to Section 8(g) of the Asheville Civil Service Law. In its petition, the City

of Asheville did not request a trial by jury. However, on 12 November 2014, in

response to Officer Frost’s petition for trial de novo, the City filed an answer, a motion

to dismiss, and a motion to strike. The City challenged Officer Frost’s standing to

appeal, given that the order he attempted to appeal ruled in his favor—that his

termination was not justified and he was to be reinstated with full back pay. The

City further challenged that due to the City’s appeal—filed before Officer Frost’s

appeal—involving the same parties and relating to the same subject matter, Officer

Frost’s petition was unlawful and “wholly unnecessary.”

 Following a hearing in Buncombe County Superior Court, the Honorable Mark

E. Powell entered a 25 February 2015 order granting the City’s motion to dismiss

with prejudice Officer Frost’s petition for a de novo trial by jury, as Officer Frost

lacked standing and his petition was abated by the doctrine of prior pending action.

 On 30 November 2015, a hearing was held on Officer Frost’s demand for a jury

trial in response to the City of Asheville’s petition for a trial de novo, the Honorable

William H. Coward, Judge presiding. On 22 December 2015, Judge Coward entered

an order noting that the City of Asheville filed a 9 November 2015 motion to strike

Officer Frost’s demand for a jury trial “on the grounds that the [Asheville Civil

Service Law, 1953 N.C. Session Laws Chapter 747, as amended by 2009 N.C. Session

 -4-
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

Law Chapter 401 (“the Act”)] only allows the ‘petitioner’ to request a jury trial.” The

court acknowledged the language of the Act, stating “either party may appeal to the

Superior Court Division . . . for a trial de novo. . . . If the petitioner desires a trial by

jury, the petitioner shall so state. . . . [And] [t]here[after], the matter shall proceed

to trial as any other civil action.” The court reasoned that because the Act directs

“the matter shall proceed . . . as any other civil action,” Rule 38 of our Rules of Civil

Procedure (“Jury trial of right”), allows Officer Frost, as the respondent, to request a

trial by jury. Thus, the trial court denied petitioner City of Asheville’s motion to

strike respondent Officer Frost’s demand for a jury trial. Petitioner City of Asheville

appeals.

 _____________________________________________

 Interlocutory Appeal

 Judgments and orders of the Superior Court are
 divisible into these two classes: (1) Final judgments; and
 (2) interlocutory orders. . . . An interlocutory order is one
 made during the pendency of an action, which does not
 dispose of the case, but leaves it for further action by the
 trial court in order to settle and determine the entire
 controversy.

Veazey v. Durham, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950) (citations

omitted). “An appeal may be taken from every judicial order or determination of a

judge of a superior or district court, upon or involving a matter of law or legal

inference, whether made in or out of session, which affects a substantial right claimed

 -5-
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

in any action or proceeding[.]” N.C. Gen. Stat. § 1-277(a) (2015). “[A]ppeal lies of

right directly to the Court of Appeals . . . (3) [f]rom any interlocutory order or

judgment of a superior court or district court in a civil action or proceeding that . . . :

a. Affects a substantial right.” Id. § 7A-27(b)(3)a.

 Our Supreme Court has held that a trial court order denying “the defendant’s

motion that the plaintiffs’ demand for a jury trial be invalidated as an interlocutory

order which does not affect a substantial right” is properly overruled, as “an order

denying a jury trial is appealable, an order requiring a jury trial should be

appealable.” Faircloth v. Beard, 320 N.C. 505, 506–07, 358 S.E.2d 512, 513–14

(1987)1 (citing In re McCarroll, 313 N.C. 315, 327 S.E.2d 880 (1985); In re Ferguson,

50 N.C. App. 681, 274 S.E.2d 879 (1981)). See generally In re Foreclosure of Elkins,

193 N.C. App. 226, 227, 667 S.E.2d 259, 260 (2008) (“[A]n order denying a motion for

a jury trial . . . affects a substantial right.”). Therefore, we address this appeal.

 Analysis

 On appeal, petitioner City of Asheville argues that the trial court erred by

denying its motion to strike respondent Officer Frost’s demand for a jury trial. The

City of Asheville contends that N.C. Session Law 2009-401, governing appeals from

 1Fairthcloth was distinguished on other grounds by Kiser v. Kiser, 325 N.C. 502, 385 S.E.2d
487 (1989), but as the Court noted, the Kiser decision “does not disturb the result in Faircloth.” Kiser,
325 N.C. at 510, 385 S.E.2d at 491.

 -6-
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

the Asheville Civil Service Board, allows only the petitioner to request a jury trial.

We agree.

 “[W]here an appeal presents a question of statutory interpretation, this Court

conducts a de novo review of the trial court's conclusions of law.” Ennis v. Henderson,

176 N.C. App. 762, 764, 627 S.E.2d 324, 325 (2006) (citation omitted).

 Pursuant to the North Carolina Constitution, “[t]he General Assembly shall

provide for the organization and government . . . and, except as otherwise prohibited

by this Constitution, may give such powers and duties to counties, cities and towns,

and other governmental subdivisions as it may deem advisable.” N.C. Const. art. VII,

§ 1.

 The General Assembly delegates express power to
 municipalities by adopting an enabling statute . . . .

 . . . If the language of [the enabling] statute is clear and
 unambiguous, there is no room for judicial construction,
 and the courts must give it its plain and definite meaning.
 A statute clear on its face must be enforced as written.

Quality Built Homes Inc. v. Town of Carthage, ___ N.C. ___, ___, 789 S.E.2d 454, 457

(2016) (alteration in original) (citations omitted).

 “We preface our analysis by noting that statutory interpretation begins with

the plain meaning of the words of the statute. Where the plain meaning of the statute

is clear, no further analysis is required. Where the plain meaning is unclear,

 -7-
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

legislative intent controls.” Sharpe v. Worland, 137 N.C. App. 82, 85, 527 S.E.2d 75,

77 (2000) (citations omitted).

 “First, it is a well established principle of statutory construction that a section

of a statute dealing with a specific situation controls, with respect to that situation,

[over] other sections which are general in their application.” Westminster Homes, Inc.

v. Town of Cary Zoning Bd. of Adjustment, 354 N.C. 298, 304, 554 S.E.2d 634, 638

(2001) (citations omitted). “In such situation the specially treated situation is

regarded as an exception to the general provision.” Utilities Comm’n v. Elec.

Membership Corp., 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969) (citation omitted).

 The rule of statutory construction ejusdem generis provides
 that:

 where general words follow a designation of particular
 subjects or things, the meaning of the general words will
 ordinarily be presumed to be, and construed as, restricted
 by the particular designations and as including only things
 of the same kind, character and nature as those specifically
 enumerated.

Knight v. Town of Knightdale, 164 N.C. App. 766, 769, 596 S.E.2d 881, 884 (2004)

(quoting State v. Lee, 277 N.C. 242, 244, 176 S.E.2d 772, 774 (1970)).

 North Carolina Session Law 1953-757 established a Civil Service Board as part

of the government of the City of Asheville. 1953 N.C. Sess. Law 757 § 1. As amended

in 2009 by Session Law 2009-401, entitled “An act to revise the laws relating to the

Asheville Civil Service Board,” our General Assembly provided the following:

 -8-
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

 Within ten days of the receipt of notice of the decision of
 the Board, either party may appeal to the Superior Court
 Division of the General Court of Justice for Buncombe
 County for a trial de novo. The appeal shall be effected by
 filing with the Clerk of the Superior Court of Buncombe
 County a petition for trial in superior court, setting out the
 fact upon which the petitioner relies for relief. If the
 petitioner desires a trial by jury, the petition shall so state.
 . . . Therefore, the matter shall proceed to trial as any other
 civil action.

2009 N.C. Sess. Laws 401 § 7(g) (emphasis added). While “either party may appeal .

. . for a trial de novo,” the session law names the petitioner as the party to designate

whether a trial by jury is desired. Id. However, the superior court in its 22 December

2015 order and respondent Officer Frost in his argument before this Court contend

that the last sentence of the session law, “[t]here[after], the matter shall proceed to

trial as any other civil action,” gives rise to a respondent’s right to request a trial by

jury.2

 Respondent argues that “proceed[ing] to trial as any other civil action” invokes

our Rules of Civil Procedure, specifically Rule 38, “Jury trial by right.” Per Rule 38,

“[a]ny party may demand a trial by jury of any issue triable of right by a jury . . . .”

N.C. Gen. Stat. § 1A-1, Rule 38(b) (2015). And thus, respondent Officer Frost, as a

party to a civil action filed in Buncombe County Superior Court may demand a trial

 2
 We note that Officer Frost did not appeal from the 25 February 2015 order of Judge Powell
granting the City’s motion to dismiss with prejudice Officer Frost’s petition for a trial by jury.

 -9-
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

by jury on the issues appealed from the Civil Service Board. For the following

reasons, we disagree with respondent’s argument.

 “The primary objective of statutory interpretation is to ascertain and effectuate

the intent of the legislature.” Lunsford v. Mills, 367 N.C. 618, 623, 766 S.E.2d 297,

301 (2014) (citation omitted). Where one rule is more specific in describing the rights

afforded a party in action than another rule, we are guided by the construction “that

a section of a statute dealing with a specific situation controls, with respect to that

situation, [over] other sections which are general in their application.” Westminster

Homes, Inc., 354 N.C. at 304, 554 S.E.2d at 638 (citation omitted). Moreover, “it is a

fundamental principle of statutory interpretation that courts should evaluate [a]

statute as a whole and . . . not construe an individual section in a manner that renders

another provision of the same statute meaningless.” Lunsford, 367 N.C. at 628, 766

S.E.2d at 304 (alteration in original) (citation omitted).

 Session Law 2009-401 specifically provides for appeals to Buncombe County

Superior Court from orders entered by the Asheville Civil Service Board and states

that either party may appeal the decision of the Civil Service Board. But the session

law designates only the petitioner as a party who may request a jury trial. This

designation, that a petitioner may request a jury trial in appeals from decisions of

the Civil Service Board to the Buncombe County Superior Court, is more specific than

the right more generally conferred in Civil Procedure Rule 38, allowing any party to

 - 10 -
 THE CITY OF ASHEVILLE V. FROST

 Opinion of the Court

a civil action to demand a jury trial. Thus, pursuant to the construction favoring the

rule tailored to a specific circumstance as controlling over a more generally applicable

rule, the language of Session Law 2009-401 naming only the petitioner as the party

who may request a jury trial is controlling over the more generally applicable right

of any party to demand a jury trial, as provided in Civil Procedure Rule 38. See

Westminster Homes, Inc., 354 N.C. at 304, 554 S.E.2d at 638. Moreover, to read

Session Law 2009-401’s language that “the matter shall proceed to trial as any other

civil action” as an incorporation of the Rules of Civil Procedure, including the right of

any party to demand a jury trial, would render the language designating only the

petitioner as the party who may request a jury trial meaningless. This, too, violates

our rules of statutory interpretation. See Lunsford, 367 N.C. at 628, 766 S.E.2d at

304. Therefore, based on our well-established rules of statutory construction, only

petitioner City of Asheville had the right to request a jury trial. Accordingly, we hold

the trial court erred in failing to dismiss respondent Officer Frost’s request for a jury

trial, and the trial court’s 22 December 2015 order is

 REVERSED.

 Judge DIETZ concurs in a separate opinion.

 Judge HUNTER, Jr., dissents in a separate opinion.

 - 11 -
 No. COA16-577 – The City of Asheville v. Frost

 DIETZ, Judge, concurring.

 The dissent’s reasoning demonstrates that this is a difficult case with issues

about which reasonable jurists can disagree. I write separately to highlight what are,

in my view, three key reasons why the dissent is unpersuasive.

 First, the fact that Rule 38 of the Rules of Civil Procedure applies to the trial

court’s review below (and I agree that it does), says nothing of whether Frost, as the

respondent, has a right to a jury trial. Rule 38 does not create a substantive right to

a jury trial—it merely creates the procedure to request a jury trial where there is a

right to one. N.C. Gen. Stat. § 1A-1, Rule 38(a), (b). Were it otherwise, there would be

a right to a jury trial in every civil action; there is not. See Kiser v. Kiser, 325 N.C.

502, 508, 385 S.E.2d 487, 490 (1989).

 Instead, the right to a jury trial in a civil action is conferred in one of two ways:

by statute or by our State constitution. A statutory right to a jury trial exists if the

right is conferred “in the express language of the statute itself.” Id. at 509, 385 S.E.2d

at 490. A constitutional right to a jury trial exists if the right “existed by statute or

at common law at the time the Constitution of 1868 was adopted.” Id. at 507, 385

S.E.2d at 490.

 Neither means of conveying a right to jury trial is present here. As explained

in the majority opinion, the express language of the statute only confers a right to

jury trial on the petitioner, not the respondent. And this Civil Service Act claim, like
 THE CITY OF ASHEVILLE V. FROST

 Dietz, J., concurring

the claim for equitable distribution in Kiser, “did not exist prior to 1868, but was

newly created by the General Assembly”—in this case, by the Civil Service Act of

1953. Id. at 508, 385 S.E.2d at 490. Thus, the respondent in these Civil Service Act

proceedings does not have a right to demand a jury trial.

 Second, I do not agree that the majority opinion reads the term “only” into the

statute where it does not exist. The statute says “either party may appeal,” “[t]he

appeal shall be effected by filing . . . a petition for trial in superior court,” and “[i]f the

petitioner desires a trial by jury, the petition shall so state.” 2009 N.C. Sess. Laws ch.

401, § 7. Thus, the reason that only the petitioner may request a jury trial is not

because this Court inserted the word “only” into the text, but because the statute’s

plain language only gives that right to the petitioner, not the respondent.

 Third, while I acknowledge that we must interpret statutes in a manner that

avoids absurd results, the majority’s interpretation does not lead to absurd results.

The absurdity canon applies “[w]here the plain language of the statute would lead to

patently absurd consequences” that the legislature “could not possibly have

intended.” Pub. Citizen v. U.S. Dep’t of Justice, 491 U.S. 440, 470, (1989) (Kennedy,

J., concurring). Permitting only the losing side to request a jury trial in an

administrative proceeding is unusual, but it is something the General Assembly

certainly could have intended. Thus, I do not believe we can invoke the absurdity

canon to ignore the statute’s plain language in this case.

 2
 No. COA16-577 – The City of Ashville v. Frost

 HUNTER, JR., Robert N., Judge, dissenting.

 The majority concludes North Carolina Session Law 2009-401 allows for a

petitioner, and only a petitioner, seeking a trial de novo, the right to a trial by jury.

Under the majority’s construction, the option to request a trial by jury is a unilateral

right extended only to one party. Because the majority’s textual construction resolves

a statutory ambiguity in a manner which misapplied the cannons of statutory

construction achieves an “absurd” result, I respectfully dissent.

 This case concerns an ambiguity created by the Asheville’s Civil Service Act.

The ambiguity is whether the statute grants a right to have facts determined by a

jury to only the party whom petitions for judicial review from a ruling by the Asheville

Civil Service Board or whether that right is also given to the respondent or the other

party whom may also cross petition from a ruling.

 The General Assembly first codified Asheville’s Civil Service Act (“the Act”) in

1953. The Act’s purpose was to protect the City of Asheville’s employees. City of

Asheville v. Aly, 233 N.C. App. 620, 623, 757 S.E.2d 494, 498 (2014). The Act

established the Asheville Civil Service Board (“the Board”) and charged it with the

“duty to make rules for ‘the appointment, promotion, transfer, layoff, reinstatement,

suspension and removal of employees in the qualified service.’” Id. at 623, 757 S.E.2d

at 498 (quoting 1953 N.C. Sess. Laws ch. 757, § 4). Although the Act did not provide

a mechanism for judicial review of the Board’s determinations, our Supreme Court
 THE CITY OF ASHVILLE V. FROST

 HUNTER, JR., J., dissenting

concluded a discharged City employee could petition a trial court to review the

Board’s decision:

 [i]n view of the provisions of the statute creating the Civil
 Service Board of the City of Asheville, and the procedure
 outlined in Section 14 thereof, we hold that a hearing
 pursuant to the provisions of the Act with respect to the
 discharge of a classified employee of the City of Asheville
 by said Civil Service Board, is a quasi-judicial function and
 is reviewable upon a writ of certiorari issued from the
 Superior Court.

Id. at 623, 757 S.E.2d at 498 (quoting In re Burris, 261 N.C. 450, 453, 135 S.E.2d 27,

30 (1964)).

 In 1977, our Legislature codified a party’s right to a judicial review of the

Board’s decision by enacting the following provision which is at issue on this appeal:

 Within ten days of the receipt of notice of the decision of
 the Board, either party may appeal to the Superior Court
 Division of the General Court of Justice for Buncombe
 County for a trial de novo. The appeal shall be effected by
 filing with the Clerk of the Superior Court of Buncombe
 County a petition for trial in superior court, setting out the
 fact[s] upon which the petitioner relies for relief. If the
 petitioner desires a trial by jury, the petition shall so state.
 Upon the filing of the petition, the Clerk of the Superior
 Court shall issue a civil summons as in [a] regular civil
 action, and the sheriff of Buncombe County shall serve the
 summons and petition on all parties who did not join in the
 petition for trial. . . . Therefore, the matter shall proceed to
 trial as any other civil action.

2009 N.C. Sess. Laws 401 § 7 (emphasis added).

 This Court interpreted the scope of a de novo appeal to the Buncombe County

Superior Court from a decision by the Board upholding the discharge of an Asheville

 2
 THE CITY OF ASHVILLE V. FROST

 HUNTER, JR., J., dissenting

City police officer. Warren v. City of Asheville, 74 N.C. App. 402, 328 S.E.2d 859

(1985). In Warren, this Court concluded a de novo appeal to the trial court “vests a

court with full power to determine the issues and rights of all parties involved, and

to try the case as if the suit had been filed originally in that court.” Id. at 405, 328

S.E.2d at 862 (quoting In re Hayes, 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964))

(emphasis added).

 “When construing a statute, ‘we are guided by the primary rule of construction

that the intent of the legislature controls.’” Woodlief v. N.C. State Bd. Of Dental

Examiners, 104 N.C. App. 52, 58, 407 S.E.2d 596, 600 (1991) (quoting In re Hardy,

294 N.C. 90, 95, 240 S.E.2d 367, 371 (1978)). Here, the Act’s purpose is to ensure

Asheville City employees receive fair treatment in all aspects of their employment,

including discharge. This purpose is even clearer following the Legislature’s

codification of the mechanism allowing for a trial court’s review of the Board’s

decision. Furthermore, this Court has ruled a trial court’s de novo review following

the Board’s decision is a full trial proceeding. See Warren at 405-06, 328 S.E.2d at

862. In light of this, I cannot see how the Act or the Legislature ever contemplated,

much less intended, for only one party to an appeal from the Board’s decision to have

the right to a jury trial.

 “Where the language of a statute is clear and unambiguous, there is no room

for judicial construction and the courts must give it its plain and definite meaning,

 3
 THE CITY OF ASHVILLE V. FROST

 HUNTER, JR., J., dissenting

and are without power to interpolate, or superimpose, provisions and limitations not

contained therein.” Walters v. Cooper, 226 N.C. App. 166, 169, 739 S.E.2d 185, 187

(2013) (quoting State v. Camp, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974)). “When

a literal interpretation of statutory language yields absurd results, however, or

contravenes clearly expressed legislative intent, ‘the reason and purpose of the law

shall control and the strict letter thereof shall be disregarded.’” AVCO Financial

Services v. Isbell, 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting State v.

Barksdale, 181 N.C. 621, 625, 107 S.E. 505, 507 (1921)). “We also assume that the

legislature acted with full knowledge of prior and existing law in drafting any

particular statute.” Walters at 169, 739 S.E.2d 185, 187 (citation omitted).

 In concluding only a petitioner may request a jury trial, it seems the majority

fails to consider the provision in its entirety. The majority instead focuses on the

single statutory phrase, “if the petitioner desires a trial by jury, the petition shall so

state.” In interpreting that language, the majority neglects to consider the legislature

couched that phrase between the opening words “either party” and the closing

sentence, “[t]herefore, the matter shall proceed to trial as any other civil action.” This

final sentence, and especially the term “civil action,” directs the reader to Rule 38 of

the North Carolina Rules of Civil Procedure: “[a]ny party may demand a trial by jury

of any issue triable of right by a jury.” N.C. Gen. Stat. § 1A-1, Rule 38(b) (2016)

(emphasis added).

 4
 THE CITY OF ASHVILLE V. FROST

 HUNTER, JR., J., dissenting

 Here, it naturally and logically follows our Rules of Civil Procedure apply. Our

Legislature expressly provided “either party” has the right to request a trial de novo.

Our Legislature further provided this trial de novo to proceed as “any other civil

action.” Therefore, the invocation of Rule 38 indicates all the consequences of

designating this mechanism for judicial review a “civil action” are in effect here:

especially the fundamental right to a trial by jury.

 The statutory phrase at the cornerstone of the majority’s decision simply serves

as the mechanism for a petitioner to request a jury trial in an appeal from the Board’s

decision. If the Legislature intended for this provision to mean only a petitioner may

ask for a jury trial, the Legislature would have stated its intention by including the

word “only.” Rather, the Legislature omitted the term “only” and instead provided

for “either party[‘s]” appeal to Superior Court to proceed as “any other civil action.” I

cannot contemplate another civil action in this State which allows for only one party

to designate whether a trial includes a jury.

 In concluding only a Petitioner has a right to a jury trial, the majority’s

construction superimposes the term “only.” Their view is the Legislature intended

for only one party, the petitioning party in the proceeding below, to have the right to

a jury trial. It does not account for the situation where both parties petition for

review. This leads to the illogical result in violation of the cannon of statutory

construction prohibiting an interpretation that leads to an absurd result. AVCO

 5
 THE CITY OF ASHVILLE V. FROST

 HUNTER, JR., J., dissenting

Financial Services at 343, 312 S.E.2d at 708. At best, this interpretation results in a

race between the City and the discharged employee to first appeal the Board’s

decision3. At worst, this interpretation creates an incentive for a party to lose its

proceeding in front of the Board. In order for a party to qualify as a petitioner, and

have the right to a jury trial, a party must first lose before the Board.

 Mindful of the Act’s purpose to protect discharged City employees, and the

reasoning behind the Legislature’s subsequent codification of section 7, I conclude

either a petitioner or a respondent has a right to a jury trial following the Board’s

determination. I would therefore affirm the trial court’s order denying Petitioner’s

motion to strike Respondent Frost’s demand for a jury trial.

 3In fact, this is exactly what happened. Frost filed his petition for a trial de novo
approximately 45 minutes after the City of Asheville filed its petition.

 6