HUNTER, JR., Robert N., Judge, dissenting.
The majority concludes North Carolina Session Law 2009-401 allows for a petitioner, and only a petitioner, seeking a trial de novo, the right to a trial by jury. Under the majority's construction, the option to request a trial by jury is a unilateral right extended only to one party. Because the majority's textual construction resolves a statutory ambiguity in a manner which misapplied the cannons of statutory construction achieves an "absurd" result, I respectfully dissent.
*267 This case concerns an ambiguity created by the Asheville's Civil Service Act. The ambiguity is whether the statute grants a right to have facts determined by a jury to only the party whom petitions for judicial review from a ruling by the Asheville Civil Service Board or whether that right is also given to the respondent or the other party whom may also cross petition from a ruling.
The General Assembly first codified Asheville's Civil Service Act ("the Act") in 1953. The Act's purpose was to protect the City of Asheville's employees. City of Asheville v. Aly, 233 N.C.App. 620, 623, 757 S.E.2d 494, 498 (2014). The Act established the Asheville Civil Service Board ("the Board") and charged it with the "duty to make rules for 'the appointment, promotion, transfer, layoff, reinstatement, suspension and removal of employees in the qualified service.' " Id. at 623, 757 S.E.2d at 498 (quoting 1953 N.C. Sess. Laws ch. 757, § 4). Although the Act did not provide a mechanism for judicial review of the Board's determinations, our Supreme Court concluded a discharged City employee could petition a trial court to review the Board's decision:
[i]n view of the provisions of the statute creating the Civil Service Board of the City of Asheville, and the procedure outlined in Section 14 thereof, we hold that a hearing pursuant to the provisions of the Act with respect to the discharge of a classified employee of the City of Asheville by said Civil Service Board, is a quasi-judicial function and is reviewable upon a writ of certiorari issued from the Superior Court.
Id. at 623, 757 S.E.2d at 498 (quoting In re Burris , 261 N.C. 450, 453, 135 S.E.2d 27, 30 (1964) ).
In 1977, our Legislature codified a party's right to a judicial review of the Board's decision by enacting the following provision which is at issue on this appeal:
Within ten days of the receipt of notice of the decision of the Board, either party may appeal to the Superior Court Division of the General Court of Justice for Buncombe County for a trial de novo . The appeal shall be effected by filing with the Clerk of the Superior Court of Buncombe County a petition for trial in superior court, setting out the fact[s] upon which the petitioner relies for relief. If the petitioner desires a trial by jury, the petition shall so state. Upon the filing of the petition, the Clerk of the Superior Court shall issue a civil summons as in [a] regular civil *268 action , and the sheriff of Buncombe County shall serve the summons and petition on all parties who did not join in the petition for trial.... Therefore, the matter shall proceed to trial as any other civil action .
2009 N.C. Sess. Laws 401 § 7 (emphasis added).
*125 This Court interpreted the scope of a de novo appeal to the Buncombe County Superior Court from a decision by the Board upholding the discharge of an Asheville City police officer. Warren v. City of Asheville , 74 N.C.App. 402, 328 S.E.2d 859 (1985). In Warren , this Court concluded a de novo appeal to the trial court "vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court ." Id. at 405, 328 S.E.2d at 862 (quoting In re Hayes , 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964) ) (emphasis added).
"When construing a statute, 'we are guided by the primary rule of construction that the intent of the legislature controls.' " Woodlief v. N.C. State Bd. Of Dental Examiners , 104 N.C.App. 52, 58, 407 S.E.2d 596, 600 (1991) (quoting In re Hardy , 294 N.C. 90, 95, 240 S.E.2d 367, 371 (1978) ). Here, the Act's purpose is to ensure Asheville City employees receive fair treatment in all aspects of their employment, including discharge. This purpose is even clearer following the Legislature's codification of the mechanism allowing for a trial court's review of the Board's decision. Furthermore, this Court has ruled a trial court's de novo review following the Board's decision is a full trial proceeding. See Warren, at 405-06, 328 S.E.2d at 862. In light of this, I cannot see how the Act or the Legislature ever contemplated, much less intended, for only one party to an appeal from the Board's decision to have the right to a jury trial.
"Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." Walters v. Cooper, 226 N.C.App. 166, 169, 739 S.E.2d 185, 187 (2013) (quoting State v. Camp, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) ). "When a literal interpretation of statutory language yields absurd results, however, or contravenes clearly expressed legislative intent, 'the reason and purpose of the law shall control and the strict letter thereof shall be disregarded.' " AVCO Financial Services v. Isbell , 67 N.C.App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting State v. Barksdale , 181 N.C. 621, 625, 107 S.E. 505, 507 (1921) ). "We also assume that the legislature acted with full knowledge of prior and existing law in drafting any particular statute." Walters, at 169, 739 S.E.2d 185, 187 (citation omitted).
*269 In concluding only a petitioner may request a jury trial, it seems the majority fails to consider the provision in its entirety. The majority instead focuses on the single statutory phrase, "if the petitioner desires a trial by jury, the petition shall so state." In interpreting that language, the majority neglects to consider the legislature couched that phrase between the opening words "either party" and the closing sentence, "[t]herefore, the matter shall proceed to trial as any other civil action." This final sentence, and especially the term "civil action," directs the reader to Rule 38 of the North Carolina Rules of Civil Procedure : "[a]ny party may demand a trial by jury of any issue triable of right by a jury." N.C. Gen. Stat. § 1A-1, Rule 38(b) (2016) (emphasis added).
Here, it naturally and logically follows our Rules of Civil Procedure apply. Our Legislature expressly provided "either party" has the right to request a trial de novo . Our Legislature further provided this trial de novo to proceed as "any other civil action." Therefore, the invocation of Rule 38 indicates all the consequences of designating this mechanism for judicial review a "civil action" are in effect here: especially the fundamental right to a trial by jury.
The statutory phrase at the cornerstone of the majority's decision simply serves as the mechanism for a petitioner to request a jury trial in an appeal from the Board's decision. If the Legislature intended for this provision to mean only a petitioner may ask for a jury trial, the Legislature would have stated its intention by including the word "only." Rather, the Legislature omitted the term "only" and instead provided for "either party['s]" appeal to Superior Court to proceed as "any other civil action." I cannot contemplate another civil action in this State which allows for only one party to designate whether a trial includes a jury.
*126 In concluding only a Petitioner has a right to a jury trial, the majority's construction superimposes the term "only." Their view is the Legislature intended for only one party, the petitioning party in the proceeding below, to have the right to a jury trial. It does not account for the situation where both parties petition for review. This leads to the illogical result in violation of the cannon of statutory construction prohibiting an interpretation that leads to an absurd result. AVCO Financial Services, at 343, 312 S.E.2d at 708. At best, this interpretation results in a race between the City and the discharged employee to first appeal the Board's decision[3] . At worst, this interpretation creates an incentive for a party to lose its proceeding in front of the Board. In order for a party to *270 qualify as a petitioner, and have the right to a jury trial, a party must first lose before the Board.
Mindful of the Act's purpose to protect discharged City employees, and the reasoning behind the Legislature's subsequent codification of section 7, I conclude either a petitioner or a respondent has a right to a jury trial following the Board's determination. I would therefore affirm the trial court's order denying Petitioner's motion to strike Respondent Frost's demand for a jury trial.

In fact, this is exactly what happened. Frost filed his petition for a trial de novo approximately 45 minutes after the City of Asheville filed its petition.